Irene CAEN, Administratrix of the Estate of Herbert Grisbeck, Deceased, Appellant,

v.

Roger FELD, Respondent.

No. 49637.

Supreme Court of Missouri,

Division No. 2.

July 8, 1963.

Opinion Modified and Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 14, 1963.

Sherman Landau, St. Louis, for appellant.

Fred B. Whalen, Warren Grauel, Whalen, O'Connor, Grauel & Sarkisian, St. Louis, for respondent.

STOCKARD, Commissioner.

■ This action for $25,000 compensatory damages was instituted by Irene Caen, administratrix, for the wrongful death of Herbert Grisbeck who met his death on September 25, 1960 as the result of being struck by the automobile of Roger Feld. Judgment was entered pursuant to jury verdict in the amount of $500. Plaintiff has appealed and asserts that she is entitled to a new trial on the issue of damages because the verdict is grossly inadequate, and because the court erred in refusing to admit evidence of funeral expenses. The difference between the sum claimed and sued for and the sum recovered upon the trial exceeds $15,000 and for that reason jurisdiction of this appeal is in this court. Davidson v. Schneider, Mo., 349 S.W.2d 908, 909; Pinkston v. McClanahan, Mo., 350 S.W.2d 724.

Herbert Grisbeck, who was at least 82 and may have been 84 years of age, left surviving him as his next of kin two adult daughters, Irene Caen who lived in Normandy, Missouri, and Loretta Brewster, a resident of the State of California. During the trial plaintiff offered evidence that the funeral expense for the burial of Herbert Grisbeck was $956.30, and that this amount had been paid by Irene Caen and Loretta Brewster. Defendant objected to this evidence on the ground that the beneficiaries "did not have a legal obligation" to pay the funeral expenses and the evidence was excluded.

■ Section 537.090 (all statutory references are to RSMo 1959, V.A.M.S.) provides that the jury may give to the party or parties who may be entitled to sue "such damages, not exceeding twenty-five thousand dollars, as the jury may deem fair and just for the death and loss thus occasioned, with reference to the necessary injury resulting from such death, * * *." Although the person entitled to sue in this case is the administratrix of the estate of Herbert Grisbeck, she is a statutory trustee to maintain the action for the beneficiaries described in paragraph (4) of Section 537.-080, Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S.W.2d 504, 506; Troll v. Laclede Gaslight Co., 182 Mo.App. 600, 169 S.W. 337, and it is as to those beneficiaries that the "loss thus occasioned" and the "necessary injury resulting from such death" is to be measured. The compensatory damages for wrongful death "must be limited to the pecuniary loss," but it is the "legislative intent * * * to give the jury a broad discretion in computing damages for wrongful death, within the limit prescribed, based upon the *pecuniary loss* of every kind and character which, under all the circumstances of the particular case would necessarily result from the death, to those entitled to recover * * *." Patison v. Campbell, Mo., 337 S.W.2d 72, 75. The determinative question is whether under the particular circumstances of this case the funeral expenses incurred and paid by Irene Caen and Loretta Brewster constitute a pecuniary loss.

As early as 1873 in a suit by a parent for the wrongful death of a minor child it was held that funeral expenses "must, if any thing can, be one of the most obvious and necessary injuries resulting from death." Owen v. Brockschmidt, 54 Mo. 285. See also Rains v. St. Louis, I. M. & S. Ry. Co., 71 Mo. 164, 36 Am.Rep. 459, and Hildreth v. Key, Mo.App., 341 S.W.2d 601. In Wilt v. Moody, Mo., 254 S.W.2d 15, funeral expense as an element of damages was not an issue, but it was held that medical expenses of a deceased wife may be proved as an element of damages in a suit by the husband for wrongful death when the expenses resulted from the wrongful act of defendant which caused the death. However, in McCullough v. W. H. Powell Lumber Co., 205 Mo.App. 15, 216 S.W. 803, suit for wrongful death was brought by the administrator of an adult on behalf of the deceased's par-

ents and brothers and sisters, and it was there said: "Defendant also challenges the competency of evidence as to medical and funeral expenses, and also for expenses incurred at a hotel, where deceased was taken in an effort to relieve him, and save him, if possible. It has been held a number of times in this state that such expenses are recoverable * * * where there was a legal obligation to furnish such aid, and to incur such expenses. [Citing cases]. But we find no authority to support the contention that such expenses are elements of damage in the situation here. There was no *legal obligation* on the part of any of the beneficiaries named in plaintiff's petition to furnish medical aid, or *to incur expenses for the funeral*. In Hickman v. Railway Company [22 Mo.App. 344], it is said that the natural duty of the child to the parent has been from an early period in the history of the world an object of statutory solicitude, but that in the absence of legislation the distinction between the natural and the legal duty remains. * * * We hold that evidence of medical and other expenses incurred in treating deceased, and funeral expenses, are not proper elements of damage under the facts here." (Italics added). Later, in Miller v. Williams, Mo., 76 S.W.2d 355, a suit by an administratrix for the wrongful death of an adult who left surviving him two adult daughters, it was said, citing the McCullough case, that it was not error to exclude evidence "tending to show funeral expenses" because the "beneficiaries were under *no legal obligation to pay said expenses*." (Italics added). It is obvious that these two cases purport to set forth different rules whether or not it was done intentionally. Even though there be no "legal obligation * * * to incur expenses for the funeral," as stated in the McCullough case, the beneficiaries may as hereafter noted, incur a "legal obligation to pay said expenses."

■ There were no assets in the estate of Herbert Grisbeck. The only asset listed in the probate proceedings was the claim upon which this suit was based, which in fact was not an asset of the estate because such sum that may be recovered does not become a part of the general assets of the estate subject to the claims of creditors, but it is for the exclusive benefit of the persons designated by the wrongful death statute as beneficiaries. Demattei v. Missouri-Kansas-Texas R. Co., supra; Troll v. Laclede Gaslight Co., supra. Other than personal effects, which had no value, the deceased had no real or personal property whatever. His only certain income prior to his death had been approximately $62 per month from social security. If his two adult daughters, or some other relative or friend had not exercised the right to provide burial for him he necessarily would have been buried at public expense as a pauper, see Sections 58.460 and 194.150, or his body would have been made available to an educational institution pursuant to Section 194.150. By reason of the wrongful act of defendant in causing the death of Herbert Grisbeck, Irene Caen and Loretta Brewster were faced with the choice of permitting their father to be buried as a pauper at public expense or permitting his body to be turned over to an educational institution, or in the alternative, to incur the legal obligation to pay the expense of providing a decent burial for him. This obligation would result either by reason of an enforceable contract between them and some undertaking establishment to provide burial, or pursuant to Section 194.150 in order to obtain possession of the body to provide burial for it. There is no question but that in this case the deceased's daughters had the right of burial of their father, and it has been said that the "duty of burial and the right of burial are concomitant so that the duty of burial has been held to rest on the person in whom the right resides." 25 C.J.S. Dead Bodies §§ 3 and 5. It may be true that this duty is not a "legal" one in the strict sense of the word, but it is based on public interest, and the motivating influences on the part of children arising from this moral or natural duty, in all but the rarest of cases, to provide a decent burial for a parent would be at least as im-

pelling as when based alone on a strict legal duty. We think the harsh rule announced in the McCullough case is unrealistic when applied to the particular factual situation of this case. By the performance of their moral or natural duty, Irene Caen and Loretta Brewster, as next of kin of the deceased, incurred the "legal obligation to pay [the funeral] expenses" of their father, and that unquestionably resulted in "pecuniary loss" which "would necessarily result from the death, to those entitled to recover." Patison v. Campbell, supra.

■ We conclude that when one or more of the beneficiaries named in paragraph (4) of Section 537.080 incurs a legal liability for funeral expenses to avoid or prevent the burial of the deceased at public expense as a pauper, or to prevent the consignment of his body to a medical institution, those expenses in a reasonable amount constitute an element of damages in a suit for wrongful death on the basis that they constitute a pecuniary loss within the meaning of the wrongful death statute. Under the specific facts of this case the evidence of funeral expenses in a reasonable amount was erroneously excluded.

We need not rule on the contention that the verdict was grossly inadequate. The verdict was for $500, and while it fairly can be said that the evidence hardly supports that verdict without taking into consideration the funeral expenses, those expenses were $956.30.

■ Plaintiff has requested that a new trial be ordered on the issue of damages alone. However, in our discretion we deny that request and order a new trial of the whole case. Pinkston v. McClanahan, Mo., 350 S.W.2d 724, 729. The evidence on the issue of liability was close, or at least it was not free from doubt, and plaintiff has asserted on this appeal that the verdict was "the result of passion, prejudice and misconduct." If such error has tainted part of a verdict, as plaintiff contends it has, then regardless of in whose favor tainting

occurred, the whole verdict should be set aside and not just part of it. In view of the whole record and all the circumstances we conclude that liability and damages should be reconsidered together. The judgment is, therefore, reversed and the cause remanded for new trial.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

On Motion to Modify Opinion

PER CURIAM.

Defendant has filed a motion to modify the principal opinion by setting aside the order of reversal and remand for a new trial and enter a judgment in favor of plaintiff and against defendant in the amount of $1,-456.30, which is the sum of the $500 verdict and the amount of the funeral expenses. In view of the McCullough and Miller cases, cited in the principal opinion and relied on by defendant, we consider this proposal not to be untimely. However, plaintiff contended that even though evidence of the funeral expenses were properly excluded the verdict in the amount of $500 was grossly inadequate and the result of passion, prejudice and misconduct on the part of the jury. We did not rule that contention in the principal opinion, but we did comment that "it fairly can be said that the evidence hardly supports that verdict without taking into consideration the funeral expenses." Before we may consider whether the requested modification should be made, we must first determine whether, except for the item of funeral expenses, a verdict of $500 would require a new trial in any event.

■ Plaintiff attempts to argue that the verdict resulted from the admission of certain evidence, but no point in the brief is directed to the erroneous admission of evidence. The real and only contention to be

considered is whether a verdict of $500 is so grossly inadequate that it demonstrates passion, prejudice and misconduct on the part of the jury, and it obviously does not. The deceased had no income except $62 a month from social security. Plaintiff attempted to show that he had an income from betting on horse races, but the evidence does no more than create a suspicion of any income from that source. However, regardless of the amount of the income of the deceased, his two adult daughters lived separately from their father, one residing in the State of California, and there is no evidence of any regular contribution by the deceased to either daughter. At most the evidence shows that he occasionally left with one of his daughters small gifts of money, totaling no more than $30 a year, which the daughter said she refused but which he left without her knowledge. He also gave the daughter in California a gift at Christmas and for her birthday. We have no hesitancy whatever in ruling that the verdict, on the basis it was rendered, was not so inadequate to require a new trial. See Patison v. Campbell, Mo., 337 S.W.2d 72.

We have this result. On the issues which were submitted to the jury, the case was fully tried and no error occurred as to those issues. The only issue not submitted to the jury and therefore not considered by it was the funeral expense, a liquidated element of damages in the admitted amount of $956.30, and as to which there is no issue as to reasonableness. Upon a new trial the jury could not award more than $956.30 for funeral expenses, and as to every other element of damages in the case the jury has determined the amount to be $500. Defendant expressly offers to have judgment rendered against him in the amount of $1,456.-30 consisting of the $500, which was determined by the jury to constitute all the damages to which plaintiff is entitled except for funeral expenses, and $956.30, the maximum amount the jury could award for the funeral expenses. If this is done plaintiff has no basis for complaint because she is getting everything the jury determined she was entitled to receive, other than the funeral expenses, and in addition she is receiving everything to which she claims she is entitled for the funeral expenses. Defendant is not prejudiced because it is at his request that this action would be taken. The resulting question is, whether this court has the authority to enter the requested judgment, and if so, whether it should do so.

■ Civil Rule 83.13(c), V.A.M.R. expressly provides that an appellate court shall, subject to the limitations there set forth, "award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, or give such judgment as such court ought to have given, as to the appellate court shall seem agreeable to law. Unless justice requires otherwise, the court shall dispose finally of the case on appeal and no new trial shall be ordered as to issues in which no error appears." In Home Trust Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148, 1156, 105 A.L.R. 1063, a suit on several notes, this court held "that where * * * the plaintiff is entitled to a directed verdict and there is *no controversy* as to the amount, and the contract sued on calls for interest at a stated rate for a certain time, so that the ascertainment of the amount of interest is only a matter of mathematical computation, it is not error for the court to make the calculation and direct a verdict for the total amount due, including the interest." This case was followed in Wheeler v. Cantwell, Mo.App., 140 S.W.2d 744. There the jury found for the plaintiff in the sum of $258.67, when in fact there was due plaintiff the sum of $313.34. It was held that "Since, under the facts in this case as it comes to us, the amount which plaintiff is entitled to recover is a mere matter of calculation, it follows that we may calculate the amount due and direct an entry of judgment accordingly." In this case the jury found for plaintiff on the issue of liability, and for that reason, in the absence of error in the trial on that issue, the case stands before us on the same basis as though plaintiff was entitled to a directed verdict on that issue. As to damages, the jury has determined that

for every element plaintiff contends it should consider, except funeral expenses, plaintiff is entitled to $500, and on the trial of those issues no error occurred. We have determined, on appeal, that as a matter of law plaintiff is entitled to recover funeral expenses, and as to the amount of those funeral expenses there is *no controversy* between the parties. Therefore, we conclude that pursuant to the authority of this court set forth in Civil Rule 83.13(c), V.A.M.R., this court has the authority to modify its principal opinion in the manner requested. See Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565, where it was said: "We are fully persuaded that the court below erroneously excluded the proven items of doctors' bills, medicine, and hospital services, from the consideration of the jury; that the amount of these items had been clearly and definitely established by the evidence; and the court, with the consent of the defendant, had the power to increase the judgment by the aggregate amount, in dollars and cents, of the excluded items * *. In this action of the court there was no error, and certainly none prejudicial to the plaintiff." See also Hudson Rug Refinishing & Cleaning Corp. v. Prime Mfg. Co., 7 Cir., 115 F.2d 615, where an item of damages was erroneously not submitted to the jury, but the defendant stipulated that the amount was not in controversy, and it was held that the amount of this item was properly included by the court in its judgment. Other cases in which the action here taken is approved are Shirley v. Merritt, 147 Colo. 301, 364 P.2d 192; Gaspero v. Gentile, 160 Pa.Super. 276, 50 A.2d 754; Osterling v. Allegheny County, 272 Pa. 458, 116 A. 385; Warner Const. Co. v. Lincoln Park, 278 Ill. App. 42. See also 5B C.J.S. Appeal and Error § 1883, p. 344, and the cases cited in the annotation at 56 A.L.R.2d 270–272.

This action is not intended to and does not constitute any authority or precedent at the trial or appellate level for the addition to a judgment of a sum for unliquidated damages, or when there is any controversy as to the amount. In those cases the jury must determine the amount, if any, within the permissible limits, to which the plaintiff is entitled.

Defendant's motion for a rehearing or to transfer this case to the court en banc is overruled. The principal opinion is modified to provide that the judgment is reversed and the cause is remanded to the trial court with directions that if within fifteen days from the date of this per curiam defendant files in that court his written consent for judgment to be entered against him and in favor of plaintiff in the amount of $1,456.30, as of March 23, 1962, the date of the judgment from which this appeal was taken, a judgment in that amount in favor of plaintiff and against defendant be entered; otherwise the judgment stands reversed and remanded for a new trial on all issues.