Edward Wayne SILVER and Lawrence Silver, Co-Executors of Estate of Gertrude A. Silver, Deceased, Plaintiffs-Appellants,

v.

James CURTIS, Executor of Estate of Lillie Curtis, Deceased, Defendant-Respondent.

Nos. 25671, 25674.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

On Rehearing Jan. 19, 1973.

Motion for Rehearing and/or Transfer Denied Jan. 22, 1973.

Application to Transfer Denied March 12, 1973.

Robert B. Paden, Maysville, Frost, Speckman & Fisher, Plattsburg, for plaintiffs-appellants.

Price Shoemaker and Robert D. Colley, St. Joseph, for defendant-respondent.

DIXON, Judge.

Appeal from an order of the trial court granting the defendant a new trial on two specified grounds in a wrongful death action arising out of a one-car accident. The decedent was a 76-year-old woman who was killed on February 19, 1969. There is a cross appeal by defendants attempting to protect the points of the motion for new trial which were not sustained by the trial court.

The action was brought by the executors of the decedent against the executor of Lillie Curtis who was also killed in the accident.

On February 19, Mrs. Gertrude Silver, Mrs. Perney Morgan and Miss Lillie Curtis were occupants of a 1949 Plymouth automobile shown by the evidence to have

belonged to Miss Lillie Curtis. At a point one mile west of Route W on Missouri Highway 6 in Buchanan County, the vehicle left the highway on the wrong side of the road, struck a guy wire and an embankment throwing all the occupants from the car. All three of the occupants were killed. The investigation of the officers immediately following the accident disclosed that when the trooper arrived at the scene Miss Lillie Curtis was still alive, identified herself, and indicated she was operating the motor vehicle. The evidence showed that at the time of the investigation one of the other occupants was dead, the other dead or unconscious. The troopers said the road was dry, and it was daylight, that there were skid or "buff" marks on the highway beginning in the westbound lane, proceeding across the center line of the road and off the shoulder on the opposite side of the pavement, 150 feet in length on the pavement, and thence a trail ensued up to an embankment 162 feet further westerly to a point of impact with a field entrance. The car had traveled 21 feet (apparently in mid air) beyond this field entrance to its final position. The Plymouth automobile had been turned over and demolished with the door on the driver's side being completely detached. The trooper testified that there was no debris on the highway and without objection that the marks on the highway indicated a sideways slide not caused by the application of brakes. Another witness testified that he arrived immediately prior to the trooper and saw much the same situation described by the trooper, but also testified that he looked at the guard rail on the north side of the highway, the westbound lane, which was not damaged, and that the guy wire of a utility pole on the south side of the highway had been broken.

The defendant filed his motion for a new trial and the trial court sustained the defendant's motion for a new trial on the grounds contained in paragraphs 9 and 7 of the motion.

■ Paragraph 9 of the motion for a new trial attacks instruction No. 4, plaintiff's main verdict directing instruction on a variety of grounds. The briefs of appellant and respondent have narrowed the issue with respect to the instruction to the questions of whether an inference of negligence arises from evidence of skidding to the wrong side of the road and the applicability of the res ipsa loquitur doctrine to such a case. There is no doubt that under the ordinary principles of res ipsa loquitur proof by a passenger that a vehicle in which he is riding leaves the roadway on the wrong side of the roadway and strikes a fixed object makes a submissible case of negligence against the operator of the vehicle under the authority of many cases. Lindsey v. Williams, 260 S.W.2d 472 (Mo. Sup.1953), l.c. 474; Fellows v. Farmer, 379 S.W.2d 842 (Mo.App.1964), l.c. 845. See 79 A.L.R.2d 6 where many Missouri cases on this point are collected. This is declared to be one of those events which does not occur without negligence on the part of someone. Collins v. Nelson, 410 S.W.2d 570 (Mo.App.1965), l.c. 573.

■ Respondent relies on Polokoff v. Sanell, 52 S.W.2d 443 (Mo.App.1932), which analyzes a submission of negligence under the res ipsa loquitur doctrine where a passenger claimed recovery from a defendant driver when a vehicle skidded on a curve on a wet road and went into a ditch. The court in Polokoff held that the evidence showed that the cause of the injury was the skidding of the automobile as established by plaintiff's case and that proof of skidding under those circumstances is not proof that the casualty would not have occurred unless defendant had been negligent. The reasoning of the court being that the inference is ambiguous as to the cause of the skidding. The difficulty with this case is that its holding has been expressly overruled in Friederich v. Chamberlain, 458 S.W.2d 360 (Mo.Sup.1970) En Banc. There, the Supreme Court of Missouri, reviewing the history of the "skid-

ding doctrine", so called, expressly overruled those cases which had held that the mere fact of skidding to the wrong side of the road constituted no evidence of negligence. The cases in which "skidding" was proven as a part of the plaintiff's case, and holding that there was no basis for a finding in those circumstances that defendant "drove upon the wrong side of the road" were also specifically overruled. The Friederich case cannot be read any way but as a rule of law that proof of "skidding" to the wrong side of the road constitutes a submissible case of "driving upon the wrong side of the road". Defendant recognizing the rule set forth attempts to distinguish Friederich by contending it applies only to skidding cases which result in collisions with other vehicles. Such an illusory factual distinction will not support departure from the rule of Friederich which requires a holding that the instant case is submissible. Lindsey v. Williams, supra, holds that on facts quite similar to the instant case, the res ipsa loquitur doctrine justifies submission.

■■■ The second ground relied upon by the trial court in granting a new trial was the claim in defendant's motion for new trial that error was committed in permitting evidence before the jury of the amount of the decedent's funeral expenses. The inquiry addressed to the executor was whether he knew the amount of the funeral expense. Defendant interposed an objection that such evidence was not admissible for any purpose. This objection was overruled, and the executor stated the amount. No further proof was offered and the court did not permit plaintiffs to argue the amount of the funeral bill. Clearly, the general objection is insufficient to raise any question of error unless the evidence is totally inadmissible. State ex rel. Highway Commission v. Rauscher Chevrolet, 291 S.W.2d 89 (Mo.Sup.1956), l.c. 91; Lawson v. Cooper, 475 S.W.2d 442 (Mo.App.1972), l.c. 445; Hungate v. Hudson, 353 Mo. 944, 185 S.W.2d 646 (1945), l.c. 648. The funeral expenses are not

wholly inadmissible in cases of this character; they may be admissible under the authority of Caen v. Feld, 371 S.W.2d 209 (Mo.Sup.1963). From the record here, the admissibility cannot be determined.

■■■ Defendant amplified the objection made at trial by asserting "no proper foundation" for the introduction of this evidence. Under Caen, supra, there must be a showing of certain facts relating to the estate and the payment of the funeral expenses to permit admission in evidence. As noted, these facts do not appear in this record and if such an objection had been raised at the time of the admission of the evidence, it might have been error to permit this evidence before the jury. The tardy assertion of this ground in the motion cannot cure the defect of the general objection. Weller v. Wagner, 181 Mo. 151, 79 S.W. 941 (1904), l.c. 942. The action of the trial court in granting a new trial on this basis cannot be sustained.

■■■ As has been noted, the defendant filed a cross appeal in this matter contending that the trial court erred in overruling other grounds of defendant's motion for a new trial. On defendant's brief filed in this court, defendant has briefed only the question of the admission of certain evidence and the other grounds of error included in the motion are waived for failure to brief and argue.

During the trial, the plaintiff executor, Mr. Silver, was asked if he had made any other outlay of money as a direct result of his mother's (the decedent) death. He responded without objection with the following: "The house was remodeled and I had a payment to make on it . . ." and in response to further questioning: "Mother was going to pay for it." The amount was $6,100.

Defendant on cross examination elicited the information that Mr. Silver had signed a note for the improvements but his mother had not. There was absolutely no objection to this testimony at the time it

was offered and received, but the defendant, in the conference with the court prior to argument, objected to any argument with respect to this claimed item of pecuniary loss, making at that time certain objections to the admissibility and relevancy of the testimony. Counsel for the plaintiffs pointed out to the court that no objection had been made at the time the evidence was offered, that it was before the jury, and he was entitled to argue it. The court overruled the objection of the defendant and the plaintiffs' counsel argued the evidence as showing pecuniary loss, and the defendant responded to that argument, arguing that it was not a pecuniary loss to the plaintiffs.

The defendant has briefed the issue on the basis of the objections made at the conference following the evidence and contends that the evidence was wholly without value because not a binding obligation on the decedent nor founded on any consideration, none of which was raised at the time the evidence was offered by the plaintiffs. The defendant did not submit any instructions attempting to withdraw this evidence from the consideration of the jury. It is settled that objections to evidence made subsequent to the close of the evidence in a motion for a new trial are insufficient to provide a basis for error (Weller v. Wagner, supra). There is no basis for not so holding with respect to objections raised in connection with the conference with the court suggested by the committee's comment to MAI 5.01. To permit objection for the first time at the conference preceding the argument to afford a basis for error would convert conference into a review of all the evidence presented on the issue of damages. The useful purpose of the suggested conference would not be served by permitting such objections to be made at that time. The defendant's attempt to convict the trial court of error on this point and thus sustain his action in granting a new trial must fail.

This cause is reversed and remanded with directions to the trial court to set aside its order granting a new trial and enter judgment for the plaintiff in accordance with the verdict of the jury.

SHANGLER, C. J., and CROSS, J., concur.

## ON REHEARING

PER CURIAM:

The respondent, on the motion for rehearing, asserts that the opinion overlooks the contention that the plaintiffs' instruction on damages was erroneous. The error complained of is the use of the plural "heirs" when it is contended there was only one heir. No authority whatever is cited in support.

The jury could not have been misled by the asserted error, and it was harmless, if error.