Robert B. WYATT, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 77–408–CV–W–2.

United States District Court,
W. D. Missouri, W. D.

April 18, 1979.

Heywood H. Davis, Dietrich, Davis, Dicus, Rowlands & Schmitt, Kansas City, Mo., for plaintiff.

E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo., James P. Piper, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION
## AND JUDGMENT

COLLINSON, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (1970), in conjunction with the Missouri wrongful death statutes, § 537.080 *et seq.* (1969), as amended. The Court has jurisdiction over the controversy under the provisions of 28 U.S.C. §§ 1346(b) and 2674. Defendant has stipulated and admitted that the accident in question was due to the negligence of the agents or employees of the United States. Defendant has also stipulated and admitted the amount of property damage involved in the case. (Transcript of September 20, 1978 Hearing, pp. 5–8). Accordingly, the evidence at trial was limited to the question of recoverable wrongful death damages. The issues have been fully briefed. After careful consideration of the proper application

of Missouri law, the Court has concluded that plaintiff is entitled to judgment against defendant as follows: (1) $30,395.83 for net damages to plaintiff's real and personal property; (2) $109,087.00 for wrongful death damages because of decedent's funeral expenses and the loss of her Social Security benefits, public school retirement allowance and household services; (3) $111,211.00 for wrongful death damages because of plaintiff's loss of his wife's love, companionship and consortium; and (4) the costs of this action. The following discussion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.

Plaintiff Robert B. Wyatt was at all pertinent times and is now a citizen of the State of Missouri and a resident of this judicial district. Plaintiff was at all pertinent times the husband of Mildred Wyatt until her death on February 17, 1976. On the morning of February 17, 1976, while making a circling approach to the east of Richards-Gebaur Air Force Base, a United States Air Force T–38 jet aircraft crashed on plaintiff's farm near Grandview, Jackson County, Missouri, impacting plaintiff's residence at 13900 Arrington Road, Grandview, Missouri. The crash killed plaintiff's wife and the men aboard the aircraft. The crash also destroyed a large part of plaintiff's residence and the contents thereof, including two automobiles. The T–38 jet aircraft was owned by defendant, was assigned to the 71st Flying Training Wing at Vance Air Force Base, Oklahoma, and was operated by defendant's agents and employees, acting within the scope of their employment.

On July 30, 1976, plaintiff filed with the Department of the Air Force his written claim for damages in the amount of $297,448.21 for loss of property and the wrongful death of Mildred Wyatt. The agency failed to make a final disposition of the claim within six months after filing and plaintiff timely commenced this action on May 20, 1977.

As a direct result of the jet aircraft crash, plaintiff's real and personal property was damaged in the sum of $92,325.83, but having received insurance benefits in the sum of $61,930.00 plaintiff remains damaged in the net sum of $30,395.83.

At the time of her death, Mildred Wyatt was receiving Social Security benefits in the net amount of $66.10 per month and a Missouri Public School Retirement System allowance in the amount of $353.95 per month. The Court finds from the evidence that the reasonable value of the household services she performed was $457.25 per month.

█ As a direct result of the jet aircraft crash and Mildred Wyatt's death, plaintiff sustained and will in the future sustain damages in the sum of $109,087.00 comprised of Mildred Wyatt's funeral expenses of $2,399.00 and plaintiff's minimum monetary loss of $106,688.00 consisting of the following three elements: (1) $7,769.00 for the loss of Mildred Wyatt's Social Security benefits computed at $66.10 net per month projected for the duration of plaintiff's 12.2 year life expectancy at a 7.45% annual rate of increase per Social Security actuarial notes, discounted at 8% to its present value, and less 30% for Mildred Wyatt's personal consumption; (2) $29,658.00 for the loss of her retirement allowance computed at $353.95 per month projected for the duration of plaintiff's 12.2 year life expectancy with a 2% annual rate of increase per Missouri statute for the first five years, discounted at 8% to its present value and less 30% for Mildred Wyatt's personal consumption; and (3) $69,261.00 for the loss of Mildred Wyatt's household services computed at $457.25 per month projected for the duration of plaintiff's 12.2 year life expectancy at a 6% annual rate of increase per United States Department of Labor statistics, discounted at 8% to its present value.

As a direct result of the jet aircraft crash and Mildred Wyatt's wrongful death, plaintiff sustained and will sustain in damages in the future because of the loss of her love, companionship and consortium in the sum of $111,211.00, computed at $1000.00 per month projected for the duration of plaintiff's 12.2 year life expectancy, discounted at 8% to its present value. Although the

Court has found this last item of damage as a proven fact, the entire dispute in this case is whether such damages are recoverable as a matter of law under the applicable Missouri statutes. Defendant disputed some of the other damage items earlier in the proceedings but has not argued them in its post trial briefs.

Defendant's contention is that consortium and related items of damage are not recoverable under Missouri law because the applicable wrongful death statutes allow recovery only for pecuniary loss. Defendant's argument, of course, assumes that such things as loss of love, companionship and consortium are not pecuniary losses. Plaintiff's position is that the 1973 amendments to the Missouri wrongful death statutes eliminated the pecuniary loss rule in Missouri and that even if the rule is held applicable, a husband's loss of love, companionship and consortium is compensable under the rule.

■ The law of Missouri on this issue is apparently inconsistent. The loss of comfort and society, which plaintiff has labeled "love, companionship and consortium," is a fact of damage in most wrongful death cases. However, by application of the pecuniary loss rule, recovery for this loss is denied in most cases. Thus, there can be no recovery for loss of comfort and society in an action brought by a child for the death of a parent. *Caen v. Feld*, 371 S.W.2d 209 (Mo.1963); *Patison v. Campbell*, 337 S.W.2d 72 (Mo.1960). Similarly, there can be no recovery for loss of comfort and society in an action brought by a parent for the death of a child. *Acton v. Shields*, 386 S.W.2d 363 (Mo.1965); *Bolino v. Illinois Terminal Ry.*, 355 Mo. 1236, 200 S.W.2d 352 (1947); *Oliver v. Morgan*, 73 S.W.2d 993 (Mo.1934).

The Missouri courts have held that there can be no recovery for loss of comfort and society in an action brought by a wife for the death of her husband. *Truesdale v. Wheelock*, 335 Mo. 924, 74 S.W.2d 585 (1934); *Miller v. Kansas City Ry.*, 233 S.W. 1066 (Mo.1921); *Schaub v. Hannibal & St. J. Ry.*, 106 Mo. 74, 16 S.W. 924 (1891). It would seem to follow that there could be no recovery for loss of comfort and society in an action brought by a husband for the death of his wife. That logical conclusion, however, does not appear to be the law of Missouri. In *Smith v. Simpson*, 221 Mo. App. 550, 288 S.W. 69 (1926), the defendants argued on appeal that the trial court had erroneously instructed the jury that in assessing plaintiff's damages they could consider the loss of the "society, companionship, and services of said wife, if any, and [that the jury] should allow him such a reasonable amount as [the jury] may find and believe from the evidence will fairly and justly compensate him for the loss of the society, companionship, aid, and services of his said wife." *Smith v. Simpson, supra* 288 S.W. at 73. With respect to this portion of the instruction, the appellate court stated:

It must be held that the husband is entitled to compensation for the loss of the society and comfort of his wife as against any one negligently depriving him thereof. The question as to the amount of damage was for the jury to determine, under all the facts and circumstances in evidence. *Martin v. Ry. Co.*, (Mo.App.) 227 S.W. 129; *Baldwin v. Ry. Co.*, (Mo. App.) 231 S.W. 280, 282. We decide against defendants on this point.

*Smith v. Simpson, supra* 288 S.W. at 73.

In *Martin v. St. Louis-San Francisco Ry. Co.*, 227 S.W. 129 (Mo.App.1921), *rev'd on other grounds*, 289 Mo. 479, 233 S.W. 219 (1921), which was cited with approval by the court in *Smith v. Simpson, supra*, the contention was made that the damages instruction went beyond the issues raised by the pleadings since the petition did not specifically allege pecuniary loss. Since the jury returned compensatory damages, defendant contended that the verdict was not supported by evidence and that the issue of compensatory damages, *i. e.*, pecuniary loss, had not been pleaded. The court rejected the argument and stated:

However, in the present case the question is presented whether or not the instruction on the measure of damages referred to goes beyond and broadens the

issues made by the petition. The petition, of course, alleges that the deceased was the wife of the plaintiff; that she was killed by the alleged negligent and wrongful act of the defendant; and concludes by stating as a fact that plaintiff has on account thereof been damaged in the sum of $10,000. *True, the petition contains no direct allegation that the plaintiff lost the services and society of his said wife, which were elements of pecuniary loss to the plaintiff by reason of such death.* After verdict all reasonable inferences must be drawn from the allegations of the petition in favor of its sufficiency. We think from the allegations made in the petition to the effect that the plaintiff's wife was killed by the alleged wrongful act of the defendant, that it necessarily follows by implication that he has lost her services and society. (Emphasis added.)

*Martin v. St. Louis-San Francisco Ry. Co., supra* at 132.

The *Martin* court seemed to view the loss of comfort and society as an element of pecuniary loss in an action for the death of a wife. The *Smith* court's opinion is unclear as to whether the loss of comfort and society was deemed pecuniary or was simply considered an additional damage item in an action for the death of a wife. The only federal decision on this issue appears to view the award as not strictly pecuniary yet recoverable nevertheless in an action for a wife's death. In *In re Wood's Petition*, 145 F.Supp. 848 (W.D.Mo.1956), *aff'd sub nom. Loc-Wood Boat & Motors v. Rockwell*, 245 F.2d 306 (8th Cir. 1957), the court stated:

The laws of Missouri, aside from those respecting the loss of services of a wife or husband, are very indefinite as to the measure of damages which may be assessed for wrongful death. *In an action for the death of a wife, the husband may recover not only the pecuniary loss, but also for loss of companionship and other elements incidental to the marital relationship*, but this does not apply as to a son or daughter, and the measure of damages in the latter case must be measured by the actual pecuniary or monetary loss which has been sustained by the parent. (Emphasis added.)

*In re Wood's Petition, supra* at 859. Defendant is critical of the *Wood* opinion because no authority is cited for the court's statement regarding damages for the death of a wife. However, as discussed above, there is ample authority for the court's statement. The Court agrees with plaintiff's observation that it really makes no difference whether damages or loss of comfort and society are viewed as pecuniary losses or as an exception to the general pecuniary loss rules. The point is that these elements of damage have been allowed in every reported Missouri decision involving a husband suing for the wrongful death of his wife.

The original wrongful death statute, the Fatal Accidents Act of 1846, 9 & 10 Vict., c. 93 (Lord Campbell's Act), was passed in response to *Baker v. Bolton*, 170 Eng.Rep. 1033 (K.B. 1808), in which Lord Ellenborough held that there was no action for wrongful death under the common law. With respect to damages, the Act simply provided that the jury could award ". . . such damages as they may think proportioned to the injury. . . ." However, the statute was interpreted by subsequent judicial decision as limiting recovery to the actual pecuniary loss sustained by the particular plaintiff. *Blake v. Midland Ry.*, 118 Eng.Rep. 35 (Q.B. 1852). It has been pointed out that the pecuniary loss rule was thus never a part of the original statute and is generally not explicitly set forth in statutes based on Lord Campbell's Act. "It would appear to be nothing more than a gratuitous and muddle-headed inference drawn by some misguided nineteenth century judges." Davis, *Wrongful Death*, Washington Univ.L.Q., vol. 1973:327, 347.

In Missouri, the pecuniary loss rule has been viewed as embodied in the phrase "necessary injury," which has appeared in every wrongful death damages statute passed by the Missouri legislature until this decade. See, *e. g.*, *Parsons v. Missouri Pacific Ry. Co.*, 94 Mo. 286, 6 S.W. 464, 467

(1888); *Schaub v. Hannibal & St. Joe R. R.*, 106 Mo. 74, 16 S.W. 924, 929 (1891), and *McGowan v. St. Louis Ore & Steel Co.*, 109 Mo. 518, 19 S.W. 199, 205 (1892) (concurring opinion) (1855 statute); *Oliver v. Morgan*, 73 S.W.2d 993, 997 (Mo.1934) (1907 statute); *Szofran v. Century Electric Co.*, 255 S.W.2d 443, 450 (Mo.App.1953) (1945 statute); *Caen v. Feld*, 371 S.W.2d 209, 211 (Mo.1963); *Richeson v. Hunziker*, 349 S.W.2d 50, 52 (Mo.1961), and *Patison v. Campbell*, 337 S.W.2d 72, 75 (Mo.1960) (1955 statute); *Dougherty v. Smith*, 480 S.W.2d 519, 520 (Mo.App.1972) (1967 statute). None of these decisions purport to overrule or in any way distinguish the Missouri cases allowing recovery for loss of comfort and society in an action for the wrongful death of a wife. It may be that such damages are viewed as part of the "necessary injury" resulting from the death even though not strictly pecuniary. It may be that such damages really are pecuniary. In any event, it appears to be established law that such damages are recoverable in a case like this, regardless of now they are labeled.

The relevant wrongful death statute, § 537.090, RSMo (Supp.1973), was amended in 1973 to provide:

> In every action brought under Section 537.080, the trier of facts may give to the party or parties entitled thereto such damages as will fairly and justly compensate such party or parties for *any damages he or they have sustained and are reasonably certain to sustain in the future as a direct result of such death.* * * * " (Emphasis added.)

The emphasized language was added and the old phrase, "necessary injury resulting from such death," was deleted. Plaintiff argues that this amendment reflects a legislative intent to abrogate the pecuniary loss rules in Missouri. Defendant contends that the legislature simply abolished the maximum recovery provisions of the statute and expressly rejected language which would specifically allow the recovery of damages for loss of comfort and society. Both sides have favored the Court with an extensive analysis of the available legislative history but, predictably, each reaches the opposite

conclusion from the chronology of legislative events.

■ The Missouri Supreme Court noted the change in wording in the statute but expressly refused to consider whether the change has effectively abolished the pecuniary loss rule in all cases since the amendment was "not applicable to this case or dispositive of any issue presented by the parties . . . ." *Mitchell v. Buchheit*, 559 S.W.2d 528, 532 (Mo.1977). The Court does not believe that it is either necessary or appropriate to predict what the Missouri Supreme Court would hold if presented with the question at issue here. It is unnecessary to decide whether the 1973 amendment to § 537.090 RSMo (Supp.1973) effectively abolished the pecuniary loss rule in all cases. It is sufficient for present purposes to hold that where a husband is suing for the wrongful death of his wife, he may recover for the loss of her comfort and society and it is immaterial whether such damages are designated "pecuniary," "necessary," or as an exception to the pecuniary loss rules. This right of recovery has been consistently recognized and is unaffected by the 1973 amendments.

The Court has found as a fact that plaintiff suffered and will in the future suffer damages in the amount of $111,211.00 attributable to the loss of his wife's love, companionship and consortium. This finding was based on plaintiff's testimony (Tr. 30–37) and other evidence to the effect that the decedent was a capable, industrious and devoted wife. (Tr. 36–37, 63–64). Plaintiff's expert arrived at the dollar amount using standard present worth techniques. (Tr. 79). Defendant interposed no objection whatsoever as to the amount assigned to this item of damage. The only objection was directed to the relevance of such evidence. (Tr. 9, 13–14, 38, 79).

■ It is established law in Missouri that the trier of fact is given an extremely wide range of discretion in assessing the amount of damages in a wrongful death case. See, e. g., *Anderson v. Robertson*, 402 S.W.2d 589, 596 (Mo.App.1966); *Glick v. Ballantine*

*Produce, Inc.*, 396 S.W.2d 609, 617 (Mo. 1965), *app. dismissed*, 385 U.S. 5, 87 S.Ct. 44, 17 L.Ed.2d 5 (1966); *Domijan v. Harp*, 340 S.W.2d 728, 734 (Mo.1960). The Court has carefully considered the entire record, including all relevant exhibits, and has concluded that an award of $111,211.00 for plaintiff's loss of his wife's love, companionship and consortium is not excessive and will fairly compensate him for that loss. This figure, added to the other items of damage previously found as facts, amounts to a total judgment of $250,693.83. It is therefore

ORDERED, ADJUDGED AND DECREED that the Clerk of Court be, and hereby is, directed to enter judgment forthwith in favor of plaintiff and against defendant in the amount of Two Hundred And Fifty Thousand Six Hundred and Ninety-Three Dollars and Eighty-Three Cents ($250,693.83). Costs are taxed to defendant to the extent allowed by law.