**Robert B. WYATT, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 79–1478.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 6, 1979.

Decided Dec. 12, 1979.

Rehearing Denied Jan. 4, 1980.

---

James P. Piper, Trial Atty., Torts Branch, Civ. Div., Dept. of Justice, Washington, D. C. (argued), Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., on brief, for appellant.

Heywood Davis, Dietrich, Davis, Dicus, Rowlands & Schmitt, Kansas City, Mo. (argued), and Christopher J. Anderson, Kansas City, Mo., on brief, for appellee.

Before HEANEY and HENLEY, Circuit Judges, and SCHATZ, District Judge.*

PER CURIAM.

This is an appeal by the government from a judgment rendered against it by the United States District Court for the Western District of Missouri (District Judge William R. Collinson) in a suit brought under the Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 et seq., by Robert B. Wyatt, surviving spouse of Mildred Wyatt. The opinion of the district court is reported in 470 F.Supp. 116 (W.D.Mo.1979).

On February 17, 1976 Mr. and Mrs. Wyatt were living in their home in Jackson County, Missouri. On that day an Air Force jet plane crashed into the Wyatt home; Mrs. Wyatt was killed, and the home and other property were totally destroyed. Mr. Wyatt filed an administrative claim with the Air Force seeking compensation for his wife's death and property damage. No action having been taken on the claim within six months, Mr. Wyatt properly commenced this action.

Plaintiff alleged that the accident above mentioned was proximately caused by negligence on the part of the members of the crew of the airplane, who, like Mrs. Wyatt, were killed as a result of the crash. The government admitted liability but took issue as to damages.

The case was subject to a bench trial before Judge Collinson who made an award totalling $250,693.83; of that sum $111,211.00 represented compensation to plaintiff for mental anguish and loss of consortium of his wife.

The only issue presented by this appeal is as to whether under the Missouri death statutes, Mo.R.S. § 537.080 et seq., the district court was justified in making an award as compensation for mental anguish and loss of consortium in a case where a husband has lost his wife as the result of negligence on the part of the defendant or his agents.

As the district judge recognized, the question of Missouri law presented by this appeal is by no means free from doubt. On that question Judge Collinson's opinion is entitled to great weight, American Motorists Ins. Co. v. Samson, 596 F.2d 804 (8th Cir. 1979), and cases cited.

We are not disposed to quarrel with the district judge's answer to the question that

is involved here, and we affirm on the basis of his thorough and well reasoned opinion.