**HALAMICEK BROTHERS, INC.,**
**Plaintiff-Respondent,**

v.

**R & E ASPHALT SERVICE, INC.,**
**Defendant-Appellant.**

No. 50270.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 1987.

Motion for Rehearing and/or Transfer
Denied April 15, 1987.

Case Transferred to Supreme Court
May 19, 1987.

Case Retransferred to Court of
Appeals Sept. 29, 1987.

Original Opinion Reinstated
Oct. 15, 1987.

Daniel P. Card, Clayton, for defendant-appellant.

David Alan Sosne, Clayton, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from a judgment against it based upon a jury verdict in a breach of contract action.

Plaintiff is a general contractor engaged by Delsan Aluminum Products to construct a warehouse and parking lot. Defendant is a subcontractor employed by plaintiff to pave the parking lot. The paving was to be done according to blueprints and specifications prepared by plaintiff and Delsan. The specifications required defendant to guarantee its work against defects of materials or workmanship for one year from the date of acceptance. The subcontract required strict adherence to the plans and specifications. The subcontract also contained a specific indemnity provision which stated:

> "The subcontractor shall indemnify and hold harmless the contractor from all liabilities, claims, or demands for injuries or damages to any persons or property which shall arise out of the work of the subcontractor under this agreement."

Pursuant to the subcontract, defendant completed the paving and was paid. Plaintiff also completed its work and received the payment called for in its general contract. Within a few months (less than a year after completion), problems began to appear in the parking lot. The owner notified plaintiff which in turn notified defendant. Despite repeated requests that defendant correct the problem defendant refused. This suit followed. Plaintiff has not made the required corrections and owner has not instigated suit against plaintiff. At trial both owner and plaintiff indicated their concurrence that plaintiff was responsible under its general contract for providing a satisfactory parking lot and plaintiff recognized that it has not done so and has an obligation to do so.

The jury found a breach of contract by defendant and on appeal defendant does not challenge that finding. The jury assessed damages at $40,000, attorney's fees at $8602, and expenses at $10,000. The last two categories were authorized recoveries under the terms of the subcontract. Defendant raises four claims of error. The first two, challenging standing and absence of damages to plaintiff, posit the legal question of plaintiff's right to recover where it has neither effectuated the repair nor been sued by the owner to recover the costs of repair. The next point deals with the testimony of an expert witness and the final point challenges the amount of the verdict.

Both parties are in agreement that the contract between the plaintiff and defendant was a third party beneficiary contract with Delsan as the third party beneficiary. Third party beneficiary is the nomenclature given to one who is not privy to a contract nor to its consideration but to whom the law gives a right to maintain a cause of action for breach of contract. *Laclede Investment Corporation v. Kaiser*, 596 S.W.2d 36 (Mo.App.1980) [6]. Third party beneficiaries fall into three categories—donee, creditor and incidental. The first two categories may recover, the third may not. *Id.* [7–10]. A creditor beneficiary is one who is not a donee beneficiary and for whom the performance of a promise by the promisor to the third party beneficiary contract will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary. *Id.* Delsan clearly fits that definition. Defendant's performance of its subcontract will satisfy in part the duty of plaintiff to Delsan under the general contract. Delsan could recover against defendant under the subcontract. From this defendant concludes that until plaintiff has been sued by Delsan or has in fact effectuated the repairs, only Delsan can seek recovery under the contract. We disagree.

In *Liberty Financial Management Corporation v. Beneficial Data Processing Corporation*, 670 S.W.2d 40 (Mo.App.1984) we approved the bringing of the action by the promisee as representative of the third party beneficiaries.[1] In *dicta* we indicated our doubt that that representative capacity need be pleaded where all parties were aware of the rights being litigated and the victim of the breach of contract. In our case it is equally clear what breach is being litigated and who the ultimate victim is. An officer of Delsan testified at the trial as a witness for plaintiff.

■ Even without the authority of Liberty Financial, we have no hesitation in finding that plaintiff has standing to bring this action. Plaintiff and defendant were the contracting parties. Defendant's breach of the contract was a breach of its promise to plaintiff and we know of no doctrine of law which would preclude plaintiff from suing for that breach. Plaintiff has also sustained damage from that breach. By its contract with Delsan it was required to provide a satisfactory parking lot. It did not do so. Its failure to do so was the result of defendant's breach. Its damages are measured by the cost to it of complying with that portion of its contract with Delsan. Those are the damages it presented to the jury and which the jury awarded. It was unnecessary for plaintiff to first make the repairs and then sue for those costs in order for it to recover, just as such a course of action would be unnecessary had the contract been for paving of plaintiff's premises. Plaintiff is not required to first repair and then rely upon the continued solvency of defendant to recoup its damages. Nor is there any reason for plaintiff to be forced to undergo suit by Delsan to establish a legal duty plaintiff admits it has. Plaintiff bargained for defendant's performance, not for indemnity for a recovery by Delsan. Defendant contends that its relationship to plaintiff is that of a surety, therefore, it has no duty to reimburse plaintiff until plaintiff has been sub-

jected to a judgment by Delsan. While the contract contains an indemnity provision, it is not an indemnity contract. It is a performance contract and defendant is not being held for indemnity but for breach of performance.

■ Defendant also contends that it may be subject to multiple recoveries, as Delsan, as a third party beneficiary, also has the right to recover against it. If defendant has been injured, it is a self-inflicted wound. Both joinder and interpleader were available to it to prevent such a possibility. Rules 52.04, 52.07. Further, discharge of the defendant by plaintiff, as by satisfaction of judgment, can be effective against the credit beneficiary. *See* Restatement of Contracts § 143; *Sears, Roebuck & Co. v. Jardel Co.*, 421 F.2d 1048 (3rd Cir.1970) [8, 9]. We hold that plaintiff had standing to bring this action and that the court committed no error in submitting prospective cost of repairs as the measure of damages.

■ Defendant's next point challenges the testimony of Henry Halamicek as to his opinion of the cost of repairing the parking lot. The matter is not preserved. Defendant's only objection to the testimony was, "It is without any foundation." This cryptic objection can refer to at least two possibilities—first that the witness lacked the expert qualifications to express the opinion, or secondly that the witness lacked sufficient factual information upon which to base an opinion. Defendant declined the invitation of the trial court to voir dire the witness. Mr. Halamicek had testified at some length to his experience in the construction business including experience in asphalt paving. He further testified to the particular repairs required, the method of effectuating those repairs and his knowledge of estimating the cost of such repairs. The defendant did not call to the trial court's attention either at trial or in its motion for new trial the inadequacies of

1. Defendant seeks to distinguish Liberty on the basis that the promisee and beneficiaries were part of the same corporate family. It is clear from that case, however, that the court treated the parties as separate corporate entities and that their family relationship was immaterial to the conclusion reached.

foundation in Mr. Halamicek's testimony. As such the matter is not before us. *Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9 (Mo.App.1982) [1]. Further, we are at a loss to find the foundation deficiency. *State ex rel. State Highway Commission v. Koberna*, 396 S.W.2d 654 (Mo.1965) [13–16].

 Defendant's final contention is that the verdict is excessive. This attack is directed at the award of attorney's fees and expenses. The damages awarded were exactly those testified to by Halamicek and are clearly supported by the evidence. The evidence concerning attorney's fees established a total of $7,127 through the beginning of trial. The award of $8,602 may well have reflected the jury's computation of the additional fees earned during the trial. The record does not establish that the award was excessive. The evidence of expenses established a total of $8,769.19 which consisted predominately of expenses in determining the cause of the problem, engineering consultations, minor repairs and the like. The jury award of $10,000 was in excess of that established by the evidence. Defendant contends that this excess of $1,230.81 requires a remand for new trial. At most it would require a new trial on the issue of expenses. Defendant's position is based upon *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99 (Mo. banc 1985) which abolished remittitur in this state in a case involving unliquidated damages. Defendant contends *Firestone* precludes us from correcting the excessive verdict. In *Hoover's Dairy, Inc. v. Mid-America Dairymen*, 700 S.W.2d 426 (Mo. banc 1985), the court apparently applied *Firestone* to a liquidated damages case. *See* Blackmar, dissenting. In *Smith v. Wohl*, 702 S.W.2d 905 (Mo.App.1985) [7], we indicated that *Firestone* precluded remittitur in any case.

Rule 84.14 provides that an "appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, *or give such judgment as the court ought to give. Unless justice otherwise requires the court shall dispose finally of the case.*" (Emphasis supplied). The emphasized language has been held to authorize an appellate court to make a mathematical calculation and enter a new judgment based upon that calculation where the ascertainment of the amount of the judgment is merely a matter of mathematical computation. *Caen v. Feld*, 371 S.W.2d 209 (Mo.1963) [13]; *Allison v. Mountjoy*, 383 S.W.2d 314 (Mo.App. 1964) [5]. We recognize these authorities pre-date *Firestone* and *Hoover's Dairy*. If those cases stand for the proposition that only the jury can determine damages no matter how fixed they may be, then *Caen* and *Allison* may no longer be viable. We do not believe that *Firestone* and *Hoover's Dairy* go that far and until the Supreme Court indicates the contrary, we will assume *Caen* and *Allison* still apply.

Judgment is modified to make the total judgment $57,371.19 and as modified the judgment is affirmed. Costs assessed against defendant.

DOWD and REINHARD, JJ., concur.