Henry Kortjohn, Appellant, *v.* Christ Altenbernd,
Respondent.

November 20, 1883.

Practice — New Trial. — It is error for the trial court to order that, unless
the defendant, in whose favor a verdict is rendered on account, will con-
sent to a judgment against him for a specified sum, a new trial will .be
granted; but, if the defendant consents, the error is not ground for a
reversal on the plaintiff's appeal, where the original verdict is warranted
by the evidence.

Appeal from the St. Louis Circuit Court, Barclay, J.
*Affirmed*.

Klein & Fisse, for the appellant, cited *Jones* v. *Water
Co.*, 18 Ga. 539 ; *Anderson* v. *Railroad Co.*, 54 N. Y. 334.

B. Schnurmacher, for the respondent :   Where the
judgment is evidently for the right party, and the appellant
could but be a loser if he should be granted a new trial,
the appellate court will not reverse the judgment. —
*Hedecker* v. *Ganzhorn*, 50 Mo. 154.   Even though errors
were committed by the court below. — *Jackson* v. *Magrud-
der*, 51 Mo. 55.

BAKEWELL, J., delivered the opinion of the court.

This was an action begun before a justice of the peace to recover $60 for commissions on a sale of real estate, and also $5 for drawing the deed, and $1 paid to the notary for the acknowledgment.

There was a verdict and judgment for defendant. Plaintiff moved for a new trial. The court thereupon made an order that, unless defendant would file a stipulation consenting to a judgment against him for $6, the motion would be sustained. The defendant filed a stipulation accordingly. Thereupon judgment was entered for plaintiff for $6. The costs of the circuit court to date of the judgment were adjudged against plaintiff, for the reason that the amount recovered in the circuit court did not exceed the recovery before the justice.

Plaintiff testified that he was a real estate dealer; that one Vortreide came to his office inquiring about some real estate owned by defendant, for which he offered $40 a foot. Plaintiff reported this offer to defendant, telling defendant that his commission would be two and a half per cent. Defendant said that he must have $40 a foot. Plaintiff then saw Vortreide, got from him $50, paid it to defendant, as earnest money, got his deed and abstract of title; drew the deed and sent the notary to defendant's house and paid him $1 for taking the acknowledgment. Plaintiff requested the purchaser to give him $60 in cash and the balance of the purchase-money in a check. He intended to hand to defendant only the check; but changed his mind and gave him both check and money. Defendant then signed the deed, and, after it was delivered, plaintiff demanded his commissions, which were refused.

Defendant swears that he told plaintiff from the first that he must have the $40 a foot for himself; that plaintiff said nothing about commissions until the matter was closed. That plaintiff first handed him the check, whereupon

defendant said the sum was too small by $60, and refused to sign the deed. The plaintiff then went to his safe and got the balance in money and paid it to defendant. Defendant then signed and delivered the deed, and plaintiff then demanded $66. Defendant said that he owed nothing; that plaintiff had said nothing about commissions. Defendant did not request plaintiff to draw the deed; but did ask him to have a notary call on his wife.

There was no other witness examined except Vortreide, who says that he was sitting in the front part of the office talking to another man; that the trouble between plaintiff and defendant began after the deed was signed; that plaintiff did not go to his safe for money; but that he (the witness) paid no attention to what passed.

The instructions given were of such a character, that the jury, to find for defendant, must have found that there was no sufficient evidence of any agreement, express or implied, that defendant should pay plaintiff any commision whatever for the sale, or anything for drawing the deed or for expenses, or that defendant employed plaintiff to draw the deed. We see nothing in the instructions, or in any ruling of the court during the trial, which could prejudice the plaintiff. The trial seems to have been a perfectly fair one in all respects. The testimony was contradictory. The court, in effect, said to the jury : if you believe plaintiff you will find for him ; if you believe defendant, you will find for him. The jury apparently did believe defendant, as it was their right to do.

But if the learned judge of the trial court saw grounds for granting a new trial which, upon a close scrutiny of this record, are not apparent to us, he had no right to impose the terms which he imposed upon defendant. Where a verdict for plaintiff is excessive, it is the practice to require plaintiff to remit the excess. But it is against all principle

of jury trials that, where a verdict has been rendered for defendant, the court shall set aside that verdict, and without the consent of both parties find for plaintiff, and determine the amount of his damage.　The case of *Jones* v. *Water Lot Co.* (18 Ga. 539), cited by appellant, seems directly in point as to this, if any authority is desired upon so clear a matter.

Our object, however, must be, as Lord Mansfield says, " to attain real justice, and not to gratify litigious feeling upon every point of *summum jus.*"　To warrant us in reversing the case, it must appear that the action complained of is to the prejudice of appellant.　The judgment was for defendant, and rightly so, so far as appears from this record.　The trial court set aside this judgment and entered a judgment for plaintiff.　Of this, defendant does not complain, and it does not appear how the plaintiff can do so.　His only real ground for complaint must be, that the trial court refused him a new trial.　But, whilst we think that the trial court erred in setting aside the judgment, we see nothing in the record why plaintiff should have a new trial.　It was error to set aside the verdict under the circumstances, except for the purpose of granting a new trial; but, in the event, this did no harm to appellant; and it can not be said to be error to have denied a new trial to plaintiff, when the issues joined between him and defendant have been fairly tried by a jury and found against him.　To reverse the present judgment for the purpose of now granting a new trial, would be to deprive respondent of all benefit of his verdict, and do him a clear wrong. He ought not for anything that appears on this record, to be put to litigate this matter again.

The judgment is affirmed.　All the judges concur.