**Wanda M. LEASURE,**
**Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**
**Defendant–Respondent.**

**No. WD 40171.**

Missouri Court of Appeals,
Western District.

July 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 30, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Leonard K. Breon, Breon & Leffler, Warrensburg, for plaintiff-appellant.

Donald C. Bollard, Deacy & Deacy, Overland Park, Kan., for defendant-respondent.

Before MANFORD, P.J., and
TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

Suit for personal injuries as a result of an automobile accident. The court entered judgment on a verdict for $6,000 in favor of

Wanda M. Leasure against State Farm Mutual Automobile Insurance Company. Leasure appeals and contends the court erred in allowing Jeanice Hensley, the driver of the car that struck Leasure, to intervene. Affirmed.

Leasure filed suit in June of 1985 and named Hensley as the sole defendant. Apparently, Leasure learned that Hensley was not insured, and thereafter State Farm was allowed to intervene because it covered Leasure for injuries inflicted by an uninsured motorist.

Originally, trial began in September of 1986 with Leasure as the plaintiff and State Farm and Hensley as defendants. During cross-examination of the second witness a mistrial was declared.

On the day before the new trial began, the court held a pre-trial conference, and all parties appeared by attorney. On the morning of trial, but before evidence was presented, Leasure's attorney dismissed Hensley without prejudice. Thereafter, Hensley moved to intervene under Rule 52.12(a) on the ground that her interest would not be adequately represented by the existing parties. Hensley stated that State Farm would have an action for subrogation against her in the event of a judgment in favor of Leasure against State Farm, and Hensley wanted to participate to protect her interest. Counsel for Leasure objected to Hensley being allowed to intervene, but the court found that in justice and fairness Hensley should be allowed to protect her interest and sustained the intervention.

At the end of the first day of trial, Hensley's counsel informed the court and other counsel that his client no longer desired to participate in the trial and wanted to withdraw. The court informed counsel that Hensley would be allowed to withdraw only if Leasure and State Farm agreed that she could. Counsel requested time to consider the matter, and the next morning counsel for Leasure and State Farm informed the court that they had no objection to allowing Hensley to withdraw.

The court informed the jury prior to resuming the trial that Hensley was no longer a party to the law suit. Thereafter, a member of the jury wrote a note inquiring whether Hensley would have been sued by State Farm if the jury had found in favor of Leasure. The note further inquired as to the reason Hensley was dropped from the case and whether this would change things. Upon the court informing counsel that the note had been received, Leasure's counsel moved for a mistrial on the ground that the panel had been tainted by the intervention of Hensley. Counsel for Leasure stated that the jury was confused about the status of the parties and that the only curative action would be to discharge the jury. The motion for mistrial was denied.

The evidence was that Hensley had struck the rear of the Leasure car causing only minor damage to the car. Between the date of the accident in April of 1984 and the trial in September of 1987, Leasure had $11,441 in medical expenses. This total included $7,285 incurred for treatment by the Missouri Department of Mental Health and $3,656 for the service of a chiropractor. The remainder consisted of nine bills, each of which was under $100. Leasure took the position, of course, that all of her complaints, including her mental problems, resulted from the automobile accident. State Farm took the position that Leasure had a number of personal problems that caused her mental difficulties.

In final argument Leasure's counsel requested the jury to return a verdict for $75,000. State Farm's counsel argued that all of the medical bills were not the result of the accident and that Leasure should be compensated only for damages resulting from the accident. The jury returned a verdict in favor of Leasure for $6,000.

Leasure now contends that the verdict resulted from confusion on the part of the jury as a result of Hensley's "intervention/withdrawal." Leasure contends the verdict can only be explained in one of two ways—either the jury did not believe that all of her medical expenses were attributable to the accident or the jury was confused by Hensley's "on-again off-again" participation in the trial. She contends that since there is no combination of medical expenses that totals $6,000, the verdict must

be held to be the result of confusion. In her brief, Leasure complains about the action of the court in allowing Hensley to intervene, but she contends that the prejudice was as a result of Hensley's withdrawal and was manifested in the note written by the juror and in the size of the verdict.

■ Leasure cannot complain now that the court allowed Hensley to withdraw. The first reason she cannot raise that point is because of her failure to complain about that ruling in her motion for new trial. *Duke v. Gulf & Western Mfg. Co.*, 660 S.W.2d 404, 417[19, 20] (Mo.App.1983).

The second reason Leasure cannot complain is that she made no objection to the withdrawal and in fact affirmatively stated that she had no objection to allowing Hensley to withdraw. Leasure thereby waived any claim of error with respect to Hensley's withdrawal. *Maxam v. Dillon*, 674 S.W.2d 258, 260[2, 3] (Mo.App.1984). *See also State v. Simone*, 416 S.W.2d 96, 101[15] (Mo.1967).

For those reasons Leasure may not predicate error on allowing Hensley to withdraw. However, Leasure did object to allowing Hensley to intervene and contends that this is the true source of difficulty. Leasure argues that the amount of the verdict cannot be explained because there is no combination of medical bills that total $6,000, therefore the verdict must be the result of confusion as to the status of Hensley and her presence and later absence as a party. She does not contend that Hensley did not have an absolute right to intervene. On finding that Hensley had an interest to protect that was not adequately represented by the existing parties, the court allowed her to intervene. Under Rule 52.12(a), this gave Hensley the absolute right to intervene. *State ex rel. Hughes v. Smith*, 485 S.W.2d 646, 650[2, 3] (Mo.App.1972). But no objection was made on that ground, and none is now advanced that Hensley did not have an absolute right to intervene. Rather, the argument is that the jury was confused by her appearance and disappearance.

■ There could be no error in allowing Hensley to intervene when she had an absolute right to do so. The argument that the jury was confused is pure speculation. Even after the juror wrote a note, it is only speculation to argue that the jury was confused. Leasure overlooks the fact that the issue principally tried to the jury was whether or not all of the damages Leasure claimed were actually a result of the accident. It is not necessary to explain the verdict in terms of pointing out which items of medical expense the jury found resulted from the accident. It is well settled that the determination of the amount of damages is primarily for the jury, and when the trial court has overruled a motion for new trial alleging inadequacy of damages, as it did here, the jury's exercise of its discretion is conclusive unless the verdict is so shockingly inadequate as to indicate that it is the result of passion and prejudice or a gross abuse of its discretion. *Kirst v. Clarkson Construction Co.*, 395 S.W.2d 487, 491[6–8] (Mo.App.1965). In short, the jury heard conflicting evidence as to what damages Leasure suffered and made an award of damages to her. The jury had the discretion to return a verdict for such amount as it found would compensate Leasure for the damages she suffered as a direct result of the accident. It was free to accept or reject all or part of Leasure's claimed expenses. The jury fulfilled its responsibility, and this court does not find the amount so shockingly inadequate as to indicate bias and prejudice on the part of the jury.

■ Without diminishing what has been said, there is a further reason that Leasure cannot prevail on this appeal. She received a substantial verdict and thus will not be heard to complain as to trial irregularities that have no demonstrable connection to the amount of the verdict and that do not render the verdict void ab initio. *Kirst*, 395 S.W.2d at 490 n. 3. *See also McCormack v. McNamee*, 274 S.W.2d 272, 279[9, 10] (Mo.1955).

The judgment is affirmed.

All concur.