**Ralph A. KNOX, Plaintiff–Appellant,**

v.

**Leon J. SIMMONS and Rosie
G. Simmons, Defendants–
Respondents.**

**No. 60511.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 2, 1992.

Application to Transfer Denied
Oct. 27, 1992.

E. Rex Bradley, Louisiana, for plaintiff-appellant.

Robert L. Nussbaumer, Robert J. Danis, Robert L. Nussbaumer & Associates, St. Louis, for defendants-respondents.

AHRENS, Judge.

Plaintiff in this personal injury case appeals from the judgment of the trial court, which applied additur to raise the amount of the jury verdict for plaintiff. Plaintiff contends that: (1) additur was inappropriate in that he should have been granted a new trial; (2) the trial court erred in limiting the testimony of plaintiff's expert witness; and (3) there was insufficient evidence to support two of the instructions submitted. We affirm.

The case arises from a collision on or near a single-lane bridge on a gravel road between a passenger car and a dump truck hauling a load of gravel. Plaintiff, the driver of the car, sustained multiple injuries, which resulted in nearly $50,000.00 in medical bills and permanent disabilities. The jury assessed 95% of fault to plaintiff and 5% of fault to defendant, and found plaintiff's total damages to be $10,000.00. The trial court denied plaintiff's motion for new trial and on its own motion awarded additur to raise the verdict to $100,000.00.

In his first point, plaintiff contends the trial court erred in ordering additur rather than granting a new trial.[1] Plaintiff asserts that the jury's verdict was so inadequate as to indicate bias or prejudice on the part of the jury, and that a new trial on all the issues is the exclusive remedy where the jury is biased or prejudiced.

Additur is now authorized by statute in Missouri. "A court may increase the size of a jury's award if the court finds that the jury's verdict is inadequate because the amount of the verdict is less than fair and reasonable compensation for plaintiff's injuries and damages." § 537.068 RSMo (Supp.1991). It is a matter of the trial court's discretion whether a new trial should be granted on the grounds of a verdict's inadequacy, and the trial court's decision will be reversed only for abuse of discretion. *Barr v. Plastic Surgery Consultants, Ltd.*, 760 S.W.2d 585, 588 (Mo. App.1988). The size of a verdict alone does not establish that the verdict resulted from bias or prejudice without showing some other error committed in the trial. *Skadal v. Brown*, 351 S.W.2d 684, 690 (Mo.1961). *See also Larabee v. Washington*, 793 S.W.2d 357, 359 (Mo.App.1990) ("The com-

---

1. We note that plaintiff does not contest the amount of the additur; thus, we do not review that issue.

plaining party must show that some trial error or misconduct of the prevailing party was responsible for prejudicing the jury.")

We first consider whether there was bias or prejudice. In his brief, plaintiff points to no specific trial error or misconduct which would have prejudiced the jury. At oral argument before this court, plaintiff asserted that the bias or prejudice arose from defendant's questions concerning plaintiff's drinking the night before the accident, his pre-marital sex, and his failure to file income tax returns. However, in his opening statement at trial, plaintiff stated that he had been driving around and drinking the night before the accident and that he had not filed tax returns. Furthermore, on direct examination, plaintiff testified concerning both of those topics and stated that his injuries had an extreme effect on his sex life. Defendant properly inquired into these areas relating to liability and damages. *Griffith v. Adair*, 769 S.W.2d 443, 447 (Mo.App.1990). Nothing in the record indicates any undue emphasis or inflammatory appeal to the jury. The trial court, which had the opportunity to see and hear any effect of these inquiries, *Barr*, 760 S.W.2d at 588, specifically found that the jury was not biased or prejudiced against the plaintiff. We recognize that the trial court is in a better position to make that determination. *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800, 806 (Mo.App.1984). We have carefully reviewed the record and find no abuse of discretion in the trial court's finding.

Plaintiff relies on *Artstein v. Pallo*, 388 S.W.2d 877 (Mo. banc 1965), to support his contention that the size of the verdict alone can establish bias or prejudice. The trial court in *Artstein* made no specific finding whether the verdict was the result of prejudice. *Id.* at 881. Due to the trial court's failure to specify the grounds on which the new trial was granted, our supreme court was unable to eliminate jury misconduct as a basis for the trial court's ruling. *Id.* In the present case, we have the benefit of the trial court's finding that the jury was not biased or prejudiced.

Plaintiff contends there was jury misconduct in that the jury willfully disregarded the court's instructions. There is no support in the record for plaintiff's conclusion. Because there is little case law in Missouri relating to additur, we look to remittitur cases to review plaintiff's contention. The reasons for setting aside verdicts for excessive damages apply equally to cases of inadequate damages. *Grodsky v. Consolidated Bag Co.*, 324 Mo. 1067, 26 S.W.2d 618, 624 (1930). Remittitur is appropriate where the jury made an honest mistake in fixing the damages. *Skadal*, 351 S.W.2d at 689; *Larabee v. City of Kansas City*, 697 S.W.2d 177, 181 (Mo.App. 1985). By analogy, additur is also appropriate in such a situation.

The trial court made detailed findings concerning the jury's assessment of damages:

> The Court finds that Plaintiff was not a credible witness; that the jury had a right to disbelieve his testimony; that the jury could believe that medical expenses were incurred for the purpose of this litigation as opposed to medical necessity, and that since the jury believed the Plaintiff was primarily at fault for the accident, that he should not be awarded those medical expenses; furthermore, the jury had a right to disbelieve Plaintiff in his claim of lost wages since there was no written documentation of employment or earnings, and Plaintiff admitted that during all the period of time up until and including the day of trial, he failed to file any income tax returns. The Court further finds that the jury was not biased or prejudiced against the Plaintiff, but, rather, evaluated his damages based upon his own conduct and liability in this cause.

In light of these findings, which are supported by the record, we cannot attribute the jury's verdict to misconduct and a willful disregard of instructions. Instead, the trial court found that the jury "evaluated [plaintiff's] damages based upon his own conduct and liability." A jury is to determine damages "disregarding any fault on the part of plaintiff." MAI 4th 37.03 [1986

New]. This indicates that the jury in the present case made a mistake in fixing the damages. Therefore, the trial court properly applied § 537.068 RSMo (Supp.1991) to raise the verdict. We find no abuse of discretion in the trial court's denial of plaintiff's motion for new trial and award of additur. Point one is denied.

Plaintiff asserts in his second point that the trial court erred in limiting the testimony of plaintiff's accident reconstruction expert, Frederick L. Stewart. "In any civil action, if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." § 490.065.1 RSMo (Supp. 1991). The determination of an expert witness's qualifications is in the trial court's discretion, and its decision will not be overturned absent an abuse of discretion. *McCutcheon v. Cape Mobile Home Mart, Inc.*, 796 S.W.2d 901, 906 (Mo.App.1990). Whether to admit or exclude expert testimony is likewise in the trial court's discretion. *City of Ballwin v. Hardcastle*, 765 S.W.2d 324, 326 (Mo.App.1989). Experts are permitted to give their opinion if they are peculiarly qualified to draw conclusions from facts of a sort from which ordinary jurors could not draw an intelligent opinion. *Siebern v. Missouri Illinois Tractor & Equip. Co.*, 711 S.W.2d 935, 938 (Mo. App.1986) (citing *Housman v. Fiddyment*, 421 S.W.2d 284, 289 (Mo. banc 1967)).

The trial court was hesitant to qualify Stewart as an expert witness. Though concerned with his lack of any college degrees, the trial court allowed Stewart to testify, but specifically reserved ruling on his competence in mathematics and physics.

The trial court did not allow Stewart to testify concerning automobile acceleration capabilities because such testimony would have called for drawing an opinion from other opinion evidence rather than from facts, and because the testimony would not have assisted the jury. The court determined that this testimony would have required mathematical computations, an area in which Stewart had not been qualified.

The trial court later denied plaintiff the opportunity to have Stewart testify on rebuttal concerning grading of the road, lack of front brakes on the truck, speed of the truck, acceleration of the car, and rotation of the car. The reasons for the denial were that Stewart had not visited the scene until over two years after the accident, the road surface had been changed since the time of the accident, Stewart did not know the condition of the road surface at the time of the accident, and all of Stewart's calculations were based on insufficient evidence and insufficient data. In its order on plaintiff's motion for new trial, the trial court found that Stewart was not a qualified expert and that, if an error had been made, it was in plaintiff's favor. Given Stewart's lack of familiarity with the conditions at the time of the accident, and the trial court's concern with his credentials, we find no abuse of discretion in the decision to limit Stewart's testimony. Point two is denied.

In his final point, plaintiff asserts the trial court erred in submitting instructions directing the jury to assess a percentage of fault to plaintiff if the plaintiff drove at an excessive speed or failed to swerve or slacken his speed when he should have. Plaintiff contends there was not substantial evidence to establish that he was driving at an excessive speed or had a duty to swerve or slacken his speed.

Each element of a disjunctive negligence instruction must be supported by substantial evidence for the instruction to be properly submitted. *Ethridge v. Gallagher*, 773 S.W.2d 207, 210 (Mo.App.1989). A "defendant is entitled to have all evidence considered in the light most favorable to his comparative fault submission and is given the benefit of any favorable inferences." *Id.* at 211. An instruction relating to excessive speed is proper where the record indicates that a party was driving at a speed which, under the circumstances, prevented the party from avoiding a collision. *Mozelewski v. Shannon*, 774 S.W.2d 849, 852 (Mo.App.1989). Factors that have supported the submission of such

an instruction include violating the speed limit, *Love v. Baum*, 806 S.W.2d 72, 73 (Mo.App.1991); *Maxwell v. City of Springfield*, 705 S.W.2d 90, 95 (Mo.App.1986), and a failure to reduce speed prior to collision. *Wright v. Fox–Stanley Photo Products, Inc.*, 639 S.W.2d 407, 409 (Mo.App.1987). For a party to be in breach of the duty to swerve or slacken speed, the party must have had the time, distance, means and ability to avoid the collision by swerving or slackening speed, and the party must have failed to do so. *Kilgore v. Linville*, 733 S.W.2d 62, 63–64 (Mo.App.1987)

Defendant testified that as the vehicles were approaching the bridge, plaintiff appeared to accelerate to seventy miles per hour. Trooper Bates, the highway patrol officer who investigated the accident, testified the speed limit where the accident occurred was 55 miles per hour. Trooper Bates also testified both of plaintiff's passengers stated during his investigation that plaintiff was speeding up to try to beat the truck across the bridge. Substantial evidence thus existed to support submitting the instruction that plaintiff was driving at an excessive speed.

With respect to the instruction regarding plaintiff's failure to swerve or slacken his speed, plaintiff recalled none of the facts or circumstances surrounding the collision. One of plaintiff's passengers, Derek Bufford, testified that he saw defendant's truck when it was one-sixteenth to one-eighth of a mile (330 to 660 feet) away and five to fifteen seconds before the collision, and that both vehicles were traveling at 40 to 45 miles per hour. Trooper Bates testified that the roadway off of the bridge was over nineteen feet wide, and further testified there was an open, grassy field level with the road approximately 100 to 200 feet back from the bridge in the direction from which plaintiff was traveling. At 40 miles per hour, each vehicle was traveling just less than 60 feet per second. *Danner v. Weinreich*, 323 S.W.2d 746, 752 (Mo.1959). Given a normal reaction time of .75 second, *Kilgore*, 733 S.W.2d at 64, each vehicle would have travelled approximately 45 feet before plaintiff could have started to swerve or slacken his speed. From this

evidence, the jury could have determined that plaintiff had the time, distance, means, and ability to avoid the collision by swerving or slackening his speed. Substantial evidence existed to support each element of the instructions. Point three is denied.

The judgment of the trial court is affirmed.

CRIST, P.J., and CRANE, J. concur.