Karen D. BISHOP, Respondent,

v.

Donald L. CUMMINES, Appellant.

Nos. WD 46804, WD 46845.

Missouri Court of Appeals,
Western District.

Jan. 25, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 1, 1994.

Douglass F. Noland, Westowne II, Liberty, for appellant.

Norman I. Reichel, Jr., Kansas City, for respondent.

Before HANNA, P.J., and
LOWENSTEIN and FENNER, JJ.

HANNA, Presiding Judge.

This appeal arises out of an automobile collision which involved vehicles driven by plaintiff Karen Bishop and defendant Donald Cummines. Plaintiff's lawsuit is for injuries to her neck and back. The appeal concerns the validity of the trial court's order of additur and assessment of costs against the defendant.

On February 13, 1991, defendant filed an Offer of Judgment in the amount of $5,500.00. Plaintiff did not accept the offer and the case went to trial on July 20, 1992. The jury found in favor of the plaintiff and awarded damages in the amount of $429.50.

Plaintiff filed a motion for a new trial and a motion for additur. She argued that she incurred medical expenses in the amount of $4,264.50, which were uncontested. Both the plaintiff's and the defendant's doctors testified that these medical expenses were reasonable and necessary.

A hearing was held on plaintiff's motions. The court denied the motion for new trial but granted the motion for additur, increased the jury award $3,835.00 and entered judgment for $4,264.50, which was the exact amount of plaintiff's proven medical expenses. The courts explanation for the additur was that the medical expenses were uncontested. The court also assessed all costs against defendant and defendant appeals.

A detailed statement of the facts of the accident is not material to the disposition of this appeal. The parties were involved in an automobile accident and the plaintiff filed suit alleging numerous injuries to her lower back and neck. She was seen by Dr. Pickett

who had been attending her for her pregnancy. She received physical therapy and was prescribed a TENS unit. Dr. Pickett testified to the reasonableness and necessity of plaintiffs medical expenses of $4,264.50.

The plaintiff was examined by the defendant's doctor, Victoria Cook, who testified to "a reasonable medical certainty" that the treatment provided by Dr. Pickett through May 1990 for injuries as a result of the accident, as well as the physical therapy, TENS treatment unit, x-rays, cat scans and expenses of a second medical opinion by an orthopedic surgeon, were all reasonable and necessary.

The defendant argues that both doctors testified without the benefit of other evidence that may have changed their respective opinions. He claims the doctors were unaware of the mechanics of the accident including the speed of the respective vehicles (which he described as slow and stopped), the degree or angle of impact, and plaintiff's back pain experienced during a previous pregnancy. He argues that all of these factors may have changed their opinions. The defendant's argument on appeal does not challenge the constitutionality of additur or the procedure used to invoke it. Rather, he argues that the trial court erred because additur should only be granted when the verdict "shocks the conscience" or is the result of an "honest mistake."

Additur is defined as the practice of the courts in conditioning a denial of a new trial on consent by the defendant to an increase in the amount of the judgment. 1A C.J.S. Additur (1985). (Whether consent of the defendant is necessary is subject to some dispute under the case law of the various jurisdictions.) The "additur" doctrine is a corollary to that of "remittitur," the former to increase an inadequate verdict, and the latter to decease an excessive verdict. *United States v. 93.970 Acres of Land,* 258 F.2d 17, 30 (7th Cir.1958), revd on other grounds, 360 U.S. 328, 79 S.Ct. 1193, 3 L.Ed.2d 1275 (1959). The reasons for setting aside verdicts for excessive damages apply equally to cases of inadequate damages. § 537.068, RSMo Supp.1991; *Grodsky v. Consolidated Bag Co.,* 324 Mo. 1067, 1081–83, 26 S.W.2d 618, 623–24 (1930). We review the doctrine of additur as though it encompasses the same principles as remittitur, particularly in light of the paucity of cases discussing additur. *Knox v. Simmons,* 838 S.W.2d 21, 23 (Mo. App.1992)

■ The determination of damages is principally the jury's decision. *Leasure v. State Farm Mut. Auto. Ins. Co.,* 757 S.W.2d 638, 640 (Mo.App.1988). The trial court's reduction of the jury award by remittitur constitutes a ruling upon the weight of the evidence. *Ricketts v. Kansas City Stock Yards,* 537 S.W.2d 613, 621 (Mo.App.1976). Our review of the trial court's ruling is whether there was an abuse of discretion. *Id.; Barr v. Plastic Surgery Consultants, Ltd.,* 760 S.W.2d 585, 588 (Mo.App.1988). Our review also takes note of the fact that this is a negligence case in which the jury's verdict lumps together all damages, including pain and suffering, medical expenses incurred and to be incurred, lost wages and, frequently, other items of damages. Usually the items of damages are contested. These damage items are not matters of simple mathematical calculation, which highlight many of the Missouri cases dealing with additur.

Additur is statutorily authorized in Missouri by § 537.068, RSMo Supp.1991, although the statute does not use the term "additur." [1]

> A court may enter a remittitur order if after reviewing the evidence in support of the jurys verdict, the court finds that the jurys verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiffs injuries and damages. A court may increase the size of a jurys award if the court finds that the jurys verdict is inadequate because the amount of the verdict is less than fair and reasonable compensation for plaintiffs injuries and damages.

The statute was adopted as part of the "Tort Reform Act," and gives the court discretion

---

1. But see § 510.263.6, RSMo Supp.1991, which does identify the doctrine of additur by name, and makes it applicable, along with remittitur, to punitive damages.

to increase the jury's verdict if the court finds the verdict is less than fair and reasonable compensation for the injured party's damages.

The court had before it plaintiff's complaint of the inadequate verdict in her motion for new trial, which specifically made reference to the medical bills, and a separate motion for additur, filed the same day, requesting medical expenses in the amount of $4,264.50 and lost wages. The court denied the motion for new trial but sustained the motion for additur (as to medical expenses only) and entered judgment for the total amount of the medical bills. It appears from the record before us that the defendant was not offered the option of accepting the additur but he makes no objection on appeal in that regard.[2]

■ The purposes of the doctrine of remittitur have historically been to bring jury verdicts in line with prevailing awards (considering matters such as changing economic factors), *Ricketts*, 537 S.W.2d at 619, and to avoid the delays and expenses of retrial. The doctrine of remittitur, as well as its several purposes, are grounded in our common law. While the doctrine of remittitur was abrogated by the Missouri Supreme

Court in *Firestone v. Crown Ctr. Redevelopment Corp.*, 693 S.W.2d 99, 110 (Mo. banc 1985), the cases before 1985 interpreting remittitur remain helpful in interpreting § 537.068. When the legislature restored the remittitur doctrine, its design was to establish equitable compensation and to eliminate, to the extent possible, the retrial of lawsuits. See Final Report of the Missouri Task Force on Liability Insurance, January 6, 1987.[3] Statutes should be construed in the light of the common law rules in force at the time of their passage, *State v. Thomas*, 351 Mo. 804, 811, 174 S.W.2d 337, 340 (1943), and in a way that synchronizes their meaning with existing common law. *Lawson Rural Fire Assn. v. Avery*, 764 S.W.2d 113, 116 (Mo.App.1988).

The authority of Missouri trial courts to enter remittitur was established many years ago. See *Burdict v. Missouri Pac. Ry. Co.*, 123 Mo. 221, 238–41, 27 S.W. 453, 456–57 (Mo. banc 1894), for a collection of cases concerning remittitur that pre-date the 1894 decision.[4] The Burdict court specifically rejected additur, reasoning that remittitur is simply allowing the judgment of the jury to stand for part of the amount found by the

---

2. Remittitur and additur are premised on the idea that the party against whom the new trial will be granted be given the option of agreeing to the additur or remittitur. *Cazzell v. Schofield*, 319 Mo. 1169, 1195–96, 8 S.W.2d 580, 592 (1928); *Jordan v. Robert Half Personnel Agencies, Inc.*, 615 S.W.2d 574, 581 (Mo.App.1981). This is because when the amount of damages is the sole error, the court should not "hesitate to give him the option to take his judgment for the proper sum, and thus end the litigation." *Burdict v. Missouri Pac. Ry. Co.*, 123 Mo. 221, 240, 27 S.W. 453, 457 (Mo. banc 1894) (citing *Belt v. Lawes*, 12 Q.B.Div. 356 (1884)). The reasoning remains sound today. The court could have sustained the plaintiffs motion for new trial because the damages were inadequate. Instead the court chose to avoid the delay and expense of a new trial and increased the jury award to a figure equal to the proven losses. By doing this, the court satisfied the plaintiffs claimed error of an inadequate damage award. In the process, the defendant should have been given the option of accepting the additur, thereby eliminating plaintiffs claimed error of the inadequacy of the verdict. The alternative would have been for the trial court to grant plaintiffs motion for new trial. If the defendant does not accept the option, plaintiff gets a new trial. If the defendant accepts, the new trial is denied and if that is the

sole claim of error, the case is concluded. Remittitur grants the defendant what he wants. Additur grants the plaintiff what she wants. The party requesting additur or remittitur gives up the right to a new trial on the issue of excessive or inadequate verdict. (See also Rule 78.10).

3. The Final Report of the Missouri Task Force on Liability Insurance, January 6, 1987, to the Missouri General Assembly recommends that it adopt "the doctrines of remittitur and additur, thereby allowing a court either to decrease or increase the size of a jurys award." The Task Forces recommendations are helpful in understanding the changes made by the General Assembly. In the Task Forces discussion of these doctrines, it makes no distinction between the doctrines and identifies both as based "on the concept of equitable compensation," and states that the use of the doctrines permits the courts to modify judgments, "thereby avoiding the need to retry cases." Final Report at 25.

4. This case dealt with the appellate court's use of the doctrine of remittitur. The case makes reference to previous Missouri cases in which the appellate courts upheld the trial courts' use of the doctrine of remittitur which places this procedure further into our legal history than 1894.

jury, while additur adds money that was never within the terms of the verdict. *Id.* at 241, 27 S.W. at 458.

Although there are Missouri cases that have increased the jury's verdict which make reference to the doctrine of additur, there are other cases that clearly state that the doctrine of additur has never been formally adopted in Missouri (at least until the passage of § 538.056.) It was held early in Missouri's case history that a court could not require a successful defendant to consent to judgment against himself for part of his adversary's claim as a condition of the overruling of a motion for a new trial. *Kortjohn v. Altenbernd,* 14 Mo.App. 342, 344–45 (1883). Missouri has held that when the plaintiffs damages are inadequate, a new trial should be granted outright. *King v. Kansas City Life Ins. Co.,* 350 Mo. 75, 88, 164 S.W.2d 458, 465 (1942). See *Worley v. Tucker Nevils, Inc.,* 503 S.W.2d 417, 424 (Mo. banc 1973) (stating that Missouri has never adopted the additur doctrine); *Stahlheber v. American Cyanamid Co.,* 451 S.W.2d 48, 65 (Mo.1970) (declining to adopt additur as a means of resolving inadequate verdicts).

In *Allison v. Mountjoy,* 383 S.W.2d 314 (Mo.App.1964), this court acknowledged the general rule (in line with a supreme court rule at the time) that in suits for money damages it is the province of the jury to determine all issues and, expressly, the issue of damages. *Id.* at 320. The general rule would not allow the court to "add to the amount the jury has awarded as damages and thus increase that award." *Id.* Nevertheless, the court identified the existence of exceptions to the general rule when there was no issue concerning the amount of damages, and held that in those situations, the court had the authority to increase the verdict (specifically described as additur) to the correct amount. *Id.* The four situations in which the verdict could be increased are: (1) when the error is merely clerical or formal; (2) when the trial court has or could have instructed a verdict for a certain sum (see, e.g., *Cotton v. 71 Highway Mini–Warehouse,*

614 S.W.2d 304, 308 (Mo.App.1981) (prejudgment interest)); (3) when the determination of the amount is simply a matter of mathematical calculation based on conceded or undisputed facts (see, e.g., *Wheeler v. Cantwell,* 140 S.W.2d 744, 749–50 (Mo.App. 1940)); and (4) where the undisputed evidence shows that the prevailing party is entitled to at least a sum certain. *Allison,* 383 S.W.2d at 320. Generally, each situation describes cases in which the damage award was liquidated. In *Allison,* the plaintiff received a jury verdict of $1.00 and the trial court increased the award to $10,000. On appeal the plaintiff claimed that the damage amount of $10,000 was certain and undisputed. The judgment was reversed on instructional error but the court stated that there was no question that, absent the instructional error, the plaintiffs were entitled to the $10,000 damages. *Id.* at 322–23.

The *Allison* court relied on the 1936 Supreme Court case of *Home Trust Co. v. Josephson,* 339 Mo. 170, 95 S.W.2d 1148 (Mo. banc 1936), as its authority. The *Home Trust* court held that the trial court properly directed a verdict for the plaintiff on a written instrument for money damages when execution was admitted and when the only defense failed as a matter of law. *Id.* at 186, 95 S.W.2d at 1155.

Particularly persuasive is the case of *Caen v. Feld,* 371 S.W.2d 209 (Mo.1963), in which the liquidated damages of funeral expenses [5] in a wrongful death case were not submitted to the jury. The court held that it had the authority to enter the judgment in that amount as a matter of law as there was no controversy between the parties. *Id.* at 215. The authority for this action was Rule 83.-13(c) (now 84.14) and *Kraas v. American Bakeries Co.,* 231 Ala. 278, 164 So. 565 (1935), in which the court, with the defendants consent, increased the verdict to include definitely established doctors bills, medicine, and hospital services. *Id.* at 570. The *Caen* court considered these expenses to be liquidated.

---

**5.** The funeral expense was an "admitted amount of $956.30" and the court noted there was no issue as to reasonableness. *Id.* at 214.

It appears that the doctrine of additur existed in Missouri, but concerned only the reduction of liquidated damages and was governed by different considerations.

In *Knox*, 838 S.W.2d at 23–24, the court stated that additur could be ordered when the jury makes an honest mistake. "Honest mistake" is defined as referring to the nature and extent of the injuries. *Larabee v. Washington*, 793 S.W.2d 357, 360 (Mo.App.1990).

In *Vincent v. Johnson*, 833 S.W.2d 859 (Mo. banc 1992), a medical malpractice lawsuit, the plaintiffs settled with the hospital during trial for $550,000 and the remaining parties agree that an appropriate reduction could be made from the judgment. The verdict was itemized and although the jury awarded the minor plaintiff future medical damages after she reached age 18 in the amount of $250,000, the parents received no award for the minors losses before age 18. The parents claimed the jury verdict was inadequate in this respect. While the medical losses were not stipulated, the court noted that the evidence supporting the plaintiffs damages was uncontested. *Id.* at 862. The court opined that under § 537.068, "the court may have had a duty to increase the verdict to cover proven losses ..." *Id.* But, the court stated that the only losses arguably proven came to less than $100,000. Since a verdict in favor of the parents would have been credited by their settlement with the hospital, which exceeded the "proven" damages, any error by the court in refusing to order additur was harmless. *Id.*

In this case we are presented with proven losses of medical expenses, and conceding that the jury can find against the party having the burden of proof in face of her own uncontroverted evidence, see *Stahlheber*, 451 S.W.2d at 64, the damages were liquidated. We cannot say that the trial court abused its discretion by adding to the verdict the sum of $3,835.00. We believe that § 537.068 and the case law, both before and after the passage of the statute, allowed the trial court to order the increase in the verdict. The trial court did not abuse its discretion by increasing the award to plaintiff. Point denied.

In the second point the defendant charges that the trial court erroneously assessed costs against him because he had made an Offer of Judgment in the amount of $5,500.00 pursuant to Rule 77.04 and it was not accepted. The rule provides that all costs incurred after the offer is made shall be assessed against the party failing to obtain a judgment more favorable than that offered. Rule 77.04. Only the costs incurred before the date of the offer, February 13, 1991, shall be assessed against the defendant.

The judgment of the trial court ordering additur is affirmed. The judgment assessing costs against the defendant is reversed and the matter remanded for reassessment of costs in accordance with this opinion.

All concur.