# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4246EM

_____

Tommie Powell; Dorothy Powell,    *
   *
        Appellees,    *
   *
     v.    *
   *
State Farm Fire & Casualty Company,    *
   *
        Appellant.    *

Appeals from the United States
District Court for the Eastern
_____         District of Missouri.

No. 97-4247EM         [UNPUBLISHED]

_____

Tommie Powell; Dorothy Powell,    *
   *
        Appellants,    *
   *
     v.    *
   *
State Farm Fire & Casualty Company,    *
   *
        Appellee.    *

_____

Submitted: September 22, 1998
Filed: September 30, 1998

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

After a fire destroyed the home of Tommie and Dorothy Powell, the Powells brought this diversity action in Missouri to recover under their homeowner's insurance policy issued by State Farm Fire & Casualty Company. During the trial, State Farm asserted the policy did not cover the loss because the Powells intentionally caused the fire. Although State Farm did not stipulate to the amount of the Powells' damages, State Farm never contested the Powells' evidence that their damages recoverable under the policy equaled $124,364.91. The undisputed testimony showed the Powells' property loss far exceeded the policy limits of $121,364.91, and the Powells also had to pay $3000 for temporary housing expenses. Instead of questioning the Powells' damages, State Farm sought a set-off of $40,615.38, the amount State Farm had paid on the Powells' mortgages. Rejecting State Farm's arson defense, the jury found in favor of the Powells' claim for policy coverage and awarded damages in the amount of $83,614. Although the jury denied State Farm's separate counterclaim for reimbursement of the mortgage payments, the amount awarded was almost the precise damages sustained by the Powells less the amount State Farm paid on the Powells' mortgages. Unsatisfied with the result, State Farm filed a motion to amend the judgment asking the district court to subtract the amount of the mortgage payments from the verdict. In response, the Powells filed a motion to amend the judgment asking for an increase in the verdict to the amount of the uncontested damages. The district court denied both motions to amend. State Farm appeals, and the Powells cross appeal.

We conclude the district court abused its discretion in denying the motions. Once the jury found State Farm liable for payment under the policy, the policy required State Farm to pay $124,364.91, the full amount of the Powells' uncontested damages up to policy limits, less $40,615.38, the amount of State Farm's mortgage payments. Thus, the policy requires State Farm to pay the Powells $83,749.53. Missouri law

permits correction of the verdict in the circumstances of this case.  See Bishop v. Cummines, 870 S.W.2d 922, 925 (Mo. Ct. App. 1994); Campbell v. Kelley, 719 S.W.2d 769, 771-72 (Mo. 1986).  We thus reverse and remand for entry of a judgment for the Powells in the amount of $83,749.53.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.