

# Missouri Court of Appeals
## Southern District
### Division Two

THE FINEST PLACE, INC., )
)
    Plaintiff-Appellant, )
)
vs. )
)
GARY SKIDMORE ) No. SD33663
and RHONDA SKIDMORE, ) Filed: January 25, 2016
)
    Defendants, )
)
and IMO CO., INC., )
d/b/a CAROL JONES REALTORS, )
)
    Defendants-Respondents. )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Robert J. Foulke, Special Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

    The Finest Place, Inc. ("Finest Place"), appeals the judgment of the trial court for its failure to enter judgment against IMO CO., Inc., d/b/a Carol Jones Realtors ("CJR"), for fraudulent misrepresentation. Because the judgment is based on contradictory and ambiguous findings, we reverse and remand this case with directions for the trial court to clarify its factual findings in a manner consistent with this opinion.

## Factual and Procedural Background

On December 30, 2010, Gary Skidmore and Rhonda Skidmore ("the Skidmores")[1] sold the Hickory Hills Mobile Home Park ("MHP") to Finest Place for $230,000. Joanne Coutchie ("Coutchie") was an agent of CJR, and the realtor representing the Skidmores in the sale.

Prior to the sale, the Skidmores became aware of problems with MHP's water well and water system. The trial court found that in December 2010, the Skidmores told Coutchie about the water system problems. However, neither the Skidmores nor Coutchie informed Finest Place of these issues prior to closing. A key issue was the date when Coutchie was told about the water system problems.

On August 31, 2012, Finest Place filed a "Second Amended Petition for Damages or for Restitution," requesting relief due to false representations by the Skidmores, and Coutchie's failure to disclose problems with MHP's water system.

On July 28, 2014, the docket sheet reflects that counsel for CJR filed a request for findings of fact and conclusions of law pursuant to Rule 73.01.[2]

A bench trial was held on July 29, 2014. On September 9, 2014, the trial court entered its judgment with detailed findings. On Count I, the trial court entered judgment in favor of Finest Place and against the Skidmores for fraudulent misrepresentation for their failure to disclose problems with the water system, and awarded damages in the amount of $148,450. On Count II, the trial court found in favor of CJR, and denied Finest Place relief.

---

[1] Although Gary and Rhonda Skidmore were originally respondents in this appeal, on June 2, 2015, Finest Place dismissed its claim against them with prejudice.

[2] All rule references are to Missouri Court Rules (2015).

In its judgment, the trial court found, in relevant part, the following:

49. In December, 2010, Defendant RHONDA SKIDMORE told Joanne Coutchie that the SKIDMORES were having problems with the MHP's water system, that the MDNR was "on" the SKIDMORES to provide more aboveground storage for the MHP's water system, and that they were having problems with the system's water pressure.

50. In December, 2010, Defendant GARY SKIDMORE met Joanne Coutchie at her Seymour office and told her about water pressure problems with the MHP's water system.

. . . .

59. Joanne Coutchie was aware of problems with the MPH's [sic] water system. However, Ms. Coutchie did not disclose this information to [Finest Place].

The trial court further concluded:

Coutchie was made aware either aware [sic] prior to closing or just after the closing of problems with the MPH's [sic] water system. Coutchie did not disclose this information to [Finest Place] at any time. Coutchie's testimony that SKIDMORES informed her well after the transaction is farfetched. The [c]ourt is concerned that Coutchie did have the information regarding MHP's water system and failed to provide any type of disclosure to [Finest Place]. The [court] finds that SKIDMORES failed to make **WRITTEN** distinct and specific representations regarding the condition of the MHP water system. While Coutchie may not have had the information at the time of closing she still should have felt a moral and ethical duty to disclose to [Finest Place] what the SKIDMORES had verbally disclosed her [sic] about the MHP's water system when disclosed after the transaction.

(Bold in original).

On September 22, 2014, Finest Place filed its "Post Trial Motion to Correct or Amend Judgment or for New Trial" asserting the trial court's denial of Count II was inconsistent with its factual findings. On December 3, 2014, after a hearing, the trial court denied Finest Place's motion. This appeal followed.

We begin our review with an examination of the judgment of the trial court. The judgment at issue is based on inconsistent and ambiguous findings and, therefore, "does not

3

permit appellate review but must be reversed." ***Main Street Feeds, Inc. v. Hall***, 975 S.W.2d 227, 234 (Mo.App. S.D. 1998). "An appellate court *cannot* rule on issues formulated on inconsistent and ambiguous findings." ***Id.*** (Emphasis added). In ***Brick House Café & Pub, L.L.C. v. Callahan***, 83 S.W.3d 43 (Mo.App. W.D. 2002), the Western District of this Court explained:

> Rule 84.14 dictates that *unless justice otherwise requires*, this court shall dispose finally of the case. . . . Here, due to the ambiguities and inconsistencies in the trial court's judgment, justice otherwise requires that we remand the case to the trial court for review and clarification of its basis for the granting of an injunction in favor of Respondents.

***Id.*** at 47 (internal quotation and citation omitted) (emphasis in original). *See also* ***Sharp v. Crawford***, 313 S.W.3d 193, 199-200 (Mo.App. S.D. 2010) (reversing and remanding for further factual findings on the court's own initiative where the findings of the trial court were inconsistent and ambiguous).

A key issue in the litigation was whether Coutchie was aware of and failed to disclose MHP's water system problems to Finest Place before closing, so that CJR might be responsible for fraudulent misrepresentation. The judgment was explicit and detailed as to the factual basis for its findings for fraudulent misrepresentation by the Skidmores, and how the facts applied to the law to arrive at a judgment against them.

> The elements of fraudulent misrepresentation are:
>
> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

***Stevens v. Markirk Constr., Inc.***, 454 S.W.3d 875, 880 (Mo. banc 2015) (internal quotation and citation omitted). Silence or non-disclosure is sufficient for the first element where the law

4

imposes a duty to speak. *Harris v. Mid-West Egg Donation, LLC*, 365 S.W.3d 274, 276 (Mo.App. E.D. 2012). This analysis hinges on whether the seller or, in this case, its realtor and agent, "had knowledge of undisclosed material information that the buyer would not have discovered through ordinary diligence." *Id.* (quoting *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765-66 (Mo. banc 2007)). The parties agree Coutchie had a duty to disclose the information about the water system prior to closing if she knew about it.

In its findings, the trial court concluded Coutchie was aware of the water system problems and did not disclose those to Finest Place. On the key issue of when Coutchie knew about the problems, the trial court found:

> Coutchie was made aware either aware [sic] prior to closing or just after the closing of problems with the MPH's [sic] water system. Coutchie did not disclose this information to [Finest Place] at any time. Coutchie's testimony that SKIDMORES informed her well after the transaction is farfetched. The [c]ourt is concerned that Coutchie did have the information regarding MHP's water system and failed to provide any type of disclosure to [Finest Place]. The [court] finds that SKIDMORES failed to make **WRITTEN** distinct and specific representations regarding the condition of the MHP water system. While Coutchie may not have had the information at the time of closing she still should have felt a moral and ethical duty to disclose to [Finest Place] what the SKIDMORES had verbally disclosed her [sic] about the MHP's water system when disclosed after the transaction.

(Bold in original).

This paragraph presents inconsistent and outcome-determinative conclusions. The judgment concludes Coutchie was made aware of the water system problems either before closing or just after closing. If she knew before closing, that would satisfy a key portion of proof for the fraudulent misrepresentation claim. The trial court seems to suggest Coutchie knew this fact before closing because the claim that Coutchie did not have the information until well after closing is condemned as "farfetched."

5

If Coutchie did not have the information about the water system problems until after closing, that fact could prove fatal to the fraudulent misrepresentation claim. However, the judgment provides no explanation for why the claim against CJR is denied.

We express no opinion on which factual finding is correct, but defer to the trial court, as we must.

The trial court's uncertain conclusions, as we have noted, deprive its findings of meaning. A judgment based on inconsistent and ambiguous findings, such as those in the instant matter, does not permit appellate review and must be reversed and remanded. *Main Street*, 975 S.W.2d at 234; *Klingerfuss v. Cronin*, 199 S.W.3d 831, 842 (Mo.App. E.D. 2006).

The judgment of the trial court is reversed and remanded for further clarification of its factual findings consistent with this opinion.

WILLIAM W. FRANCIS, JR., J. - AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS