Steven M. BARE and Suzanne M. Bare, Co–Trustees of the Steven M. Bare and Suzanne M. Bare Joint Revocable Trust Agreement dated January 12, 2005, Plaintiffs–Respondents/Cross–Appellants,

v.

CARROLL ELECTRIC COOPERATIVE CORPORATION, Defendant–Appellant/Cross–Respondent,

and

Seven Valleys Construction Company, Defendant.

No. SD 33535 & SD 33544

Missouri Court of Appeals, Southern District, Division One.

Filed: April 11, 2017

Attorneys for Appellant/Cross–Respondent, Carroll Electric Cooperative Corporation: Christiaan D. Horton and John E. Price of Springfield, MO

Attorneys for Respondents/Cross–Appellants, Steven M. Bare and Suzanne M. Bare: John A. Cowherd of Mt. Vernon, MO, Randall R. Cowherd and Philip R. Quinn of Springfield, MO

Attorney for Defendant, Seven Valleys Construction Company: Richard E. Davis of Springfield, MO

JEFFREY W. BATES, P.J.—
OPINION AUTHOR

A jury found for Steven and Suzanne Bare (the Bares) and against defendant Carroll Electric Cooperative Corporation (Carroll Electric) and defendant Seven Valleys Construction Company (Seven Valleys) on the Bares' claim for common law trespass. The jury assessed actual damages against Carroll Electric and Seven Valleys in the amount of $6,560. In addition, Carroll Electric was found liable for $75,000 in punitive damages. Carroll Electric filed a motion for new trial challenging the award of punitive damages as excessive and an alternative motion requesting "[r]emittitur pursuant to Rule 78.10" of the amount of punitive damages on the same ground. The trial court denied the motion for new trial, granted the motion for remittitur and reduced the award of punitive damages against Carroll Electric to $35,000. Because the trial court failed to follow the remittitur procedure established by Rule 78.10, however, the court did not

resolve all of the issues relating to the jury's award of punitive damages. Therefore, we dismiss the appeal for lack of a final judgment.

 The statutory basis for the appeal in this case is § 512.020, which authorizes an appeal from a "[f]inal judgment in the case ...." § 512.020(5). This Court is obligated to determine, *sua sponte* if necessary, whether a final judgment exists so as to provide statutory authority to hear the appeal. *First National Bank of Dieterich, f/k/a First State Bank Of Red Bud v. Pointe Royale Property Owners' Association, Inc.*, No. SC95865, 515 S.W.3d 219, 221–22, 2017 WL 1228807, at *2 (Mo. banc Apr. 4, 2017).[1] "A final judgment is a prerequisite to appellate review. If the circuit court's judgment was not a final judgment, then the appeal must be dismissed." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012) (internal citations omitted); *see also Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011); *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997); *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852 (Mo. banc 1997). A final judgment resolves all issues in a case, leaving nothing for future determination. *Ndegwa*, 371 S.W.3d at 801; *Gibson*, 952 S.W.2d at 244.

 The practice of common law remittitur was abolished by our Supreme Court in *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 110 (Mo. banc 1985). It was legislatively revived in 1987 by statute:

A court may enter a remittitur order if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages. A court may increase the size of a jury's award if the court finds that the jury's verdict is inadequate because the amount of the verdict is less than fair and reasonable compensation for plaintiff's injuries and damages.

§ 537.068 RSMo (2000).[2] Another 1987 statute, § 510.263, authorized remittitur of punitive damages as well. "The doctrines of remittitur and additur, based on the trial judge's assessment of the totality of the surrounding circumstances, shall apply to punitive damage awards." § 510.263.6. Thus, a trial court has broad discretion to remit a punitive damage award if, after reviewing the evidence supporting the jury's award, the court finds the verdict is excessive because the amount exceeds fair and reasonable compensation for the plaintiff's damages. *Ellison v. O'Reilly Auto. Stores, Inc.*, 463 S.W.3d 426, 440–41 (Mo. App. 2015); *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 412 (Mo. App. 2014); § 537.068 RSMo (2000). The requirement to evaluate punitive damages awards case-by-case using a multi-factor analysis is generally sufficient to satisfy the requirements of due process. *Call v. Heard*, 925 S.W.2d 840, 849 (Mo. banc 1996); *Mansfield v. Horner*, 443 S.W.3d 627, 643–44 (Mo. App. 2014) (the legislature effectively codified the obligation to consider due pro-

---

1. The continued viability of this principle was considered by this Court and upheld by a 5–2 vote in *Mercer v. State*, No. SD33779, 2015 WL 9481403 (Mo. App. S.D. banc Dec. 29, 2015). Following transfer, our Supreme Court recently resolved *Mercer* without directly settling the finality issue that had divided this Court. *See Mercer v. State*, No. SC95451, 512

S.W.3d 748, 2017 WL 986109 (Mo. banc Mar. 14, 2017). The finality issue was decided in *First National Bank of Dieterich*, 515 S.W.3d at 221–22, 2017 WL 1228807 at *2.

2. Unless otherwise indicated, all references to statutes are to RSMo Cum. Supp. (2013). All references to rules are to Missouri Court Rules (2016).

cess implication in § 510.263); *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 810–11 (Mo. App. 2008). The statutory remittitur provisions are further refined by Rule 78.10, which states:

(a) Any party requesting additur or remittitur shall file a motion for such relief within the time prescribed by Rule 78.04 for filing a motion for new trial.

(b) *If the court sustains the motion in whole or in part, the court's order shall afford each party opposing such relief the option to file an election of a new trial. The election of a new trial shall be filed within 30 days of the date of the order. The order sustaining the motion shall specify whether the new trial will be on damages or on all issues. Absent timely election, each party opposing such relief shall be deemed to have accepted the additur or remittitur. If additur or remittitur is accepted, the trial court shall promptly amend the judgment to conform to the additur or remittitur.*

(c) A party that requested additur or remittitur in the trial court and received less than the full relief requested may renew the request in the appellate court. If the appellate court grants additional relief, in whole or in part, it shall afford each party opposing such relief the option to file in the circuit court an election of a new trial. The election shall be filed within 30 days of the date of the mandate. The decision granting additional relief shall specify whether the new trial will be on damages or on all issues. Absent timely election, each party opposing such relief shall be deemed to have accepted the additur or remittitur. If additur or remittitur is accepted, the trial court shall promptly amend the judgment to conform to the additur or remittitur.

(d) Consent to any additur or remittitur that the trial court awards in lieu of a new trial does not preclude the consenting party from arguing on appeal that the amount of the verdict was proper or that the amount of the additur or remittitur is excessive. A party consenting to additur or remittitur may not initiate the appeal on that ground but may raise the issue on the other party's appeal.

(e) Neither the trial court nor the appellate court may award additur or remittitur more than once on the ground that the damages are against the weight of the evidence.

*Id.* (italics added). As Rule 78.10(b) makes clear, the remittitur procedure requires the trial court's order to: (1) grant the motion in whole or in part; (2) give the opposing party the option to file an election for a new trial; and (3) specify whether the new trial will be on damages or on all issues. *Id.* As our Supreme Court explained in *Badahman v. Catering St. Louis*, 395 S.W.3d 29 (Mo. banc 2013), a trial court must find grounds for, and conditionally grant, a new trial when sustaining a motion for remittitur. "The circuit court should not sustain a motion for additur or remittitur under § 537.068 without having determined that the verdict is against the weight of the evidence and that the party moving for additur or remittitur is entitled to a new trial." *Id.* at 38 (citation and footnote omitted); *see Stewart v. Partamian*, 465 S.W.3d 51, 59 (Mo. banc 2015) (trial court's decision to grant remittitur constitutes a ruling on the weight of the evidence); *Emery v. Wal–Mart Stores, Inc.*, 976 S.W.2d 439, 448 (Mo. banc 1998) (same holding); *see also Bishop v. Cummines*, 870 S.W.2d 922, 924 n.2 (Mo. App. 1994) (remittitur and additur are premised on the idea that the party against whom the new trial will be granted

be given the option of agreeing to the remittitur or additur).[3]

■ The procedures set out in Rule 78.10(b) specify how the case progresses once the trial court decides to grant the remittitur motion. If the opposing party consents to the remittitur and thereby waives the right to a jury trial on the damages issue, then the trial court has the authority to enter an amended judgment conforming to the remitted amount. Rule 78.10(b); *see Badahman*, 395 S.W.3d at 36. If the opposing party refuses to consent, the conditional grant of a new trial becomes effective:

> When the motion for new trial is sustained on the basis that the verdict is against the weight of the evidence, the circuit court's conditional ruling, sustaining the alternative motion for additur or remittitur, pursuant to § 537.068, is inconsequential because the party against whom the motion was sustained has opted for a new trial rather than accepting the additur or remittitur. Such an election renders the motion for additur or remittitur without legal significance and does not affect the determination of whether or not a new trial is warranted in a particular case. This is because the only ruling of the circuit court affecting the parties is the order granting a new trial.

*Id.* at 38. Thus, an election to accept a new trial renders the ruling on the remittitur motion moot. *Id.*; *see also Hill v. City of St. Louis*, 371 S.W.3d 66, 80 (Mo. App. 2012) (pursuant to Rule 78.10(b), trial court sustained a motion for remittitur and gave plaintiffs 30 days to file an election for a new trial on punitive damages, which they opted to do).

■ Here, the trial court's failure to follow the procedure specified by Rule 78.10(b) prevents this judgment from being final. Carroll Electric filed a timely motion for new trial and for remittitur, each asserting, *inter alia*, that the punitive damages award was excessive. The trial court sustained Carroll Electric's remittitur motion, but the court collapsed the procedure by simply entering an amended judgment conforming to the remitted punitive damages amount of $35,000. The court's order did not afford the Bares the option of electing a new trial. The court did not conditionally grant a new trial or specify whether that new trial would be on damages or on all issues. Finally, there is no indication in this record that the Bares waived their right to a jury trial on the issue of punitive damages by consenting to the remittitur. Because the trial court did not resolve all issues in the case relating to the jury's punitive damage award, the judgment is not final. *See Ndegwa*, 371 S.W.3d at 801.

Assuming *arguendo* that the above procedural deficiencies do not prevent the judgment from being final, reversal and remand still would be required. The trial court's judgment both denies Carroll Electric's motion for a new trial and purports to grant Carroll Electric a remittitur. These rulings, which are facially inconsistent, are inadequate to permit appellate review. *See Finest Place, Inc. v. Skidmore*, 477 S.W.3d 745, 749 (Mo. App. 2016) (judgment based on inconsistent and ambiguous findings does not permit appellate review and must be reversed and remanded); *Motor Control Specialities, Inc. v. Labor & Indus. Relations Comm'n*, 323 S.W.3d 843, 856 (Mo. App. 2010) (same

---

**3.** "[A]dditur allows the trial court to condition denial of a new trial on the defendant's consent to increase the amount of the judgment. Before considering additur, the court must find that a new trial on damages is warranted." *Total Econ. Athletic Mgmt. of Am., Inc. v. Pickens*, 898 S.W.2d 98, 107 (Mo. App. 1995) (citation omitted).

holding). In two additur cases, our Supreme Court reversed and remanded judgments that granted additur, but denied a new trial on damages. *See* **Stivers v. Ebert**, 887 S.W.2d 393 (Mo. banc 1994) (ordering the trial court on remand to reconsider and reconcile its post-trial rulings on additur); **Tucci v. Moore**, 875 S.W.2d 115, 116–17 (Mo. banc 1994) (remanding because additur was not authorized without a threshold ruling that plaintiff was entitled to a new trial on damages, accompanied by defendant's consent or election to accept a new trial).

The appeal is dismissed for lack of a final judgment.

DANIEL E. SCOTT, J.—CONCUR

MARY W. SHEFFIELD, C.J.—CONCUR